[No. 18146. Department Two. — November 8, 1893.]

ESTATE OF WILLIAM STEWART, DECEASED. MARY E. STEWART, APPELLANT, v. W. P. HALL ET AL., RESPONDENTS.

CONTEST OF WILL—STRIKING OUT WRITTEN OPPOSITION OF CONTESTANT OF WILL—PROOFS OF SERVICE.—If the written opposition of the contest of a will is in proper form, and sets forth facts which, if true, establish the invalidity of the asserted will, and an admission of service thereof by the attorneys of the executor who petitioned for the probate of the will is indorsed thereon, it is error for the court to refuse to consider proofs of service of the written opposition upon other parties, upon the ground that they were filed too late, and to strike the written opposition from the files, and to proceed to probate the will, and issue letters testamentary to the executor named therein, without a hearing of the matters alleged in the opposition.

ID.—DUTY OF COURT.—There being a full showing as against the executor, at least, that the will was invalid, and that he had no rights in the premises, the court should not have refused to give the contestant an opportunity to prove the averments of the written opposition, although there was not at the time appointed for the hearing sufficient proofs of service on the other parties, and the court should have ordered that contestants furnish proper proof of service on other parties who were residents of the county interested in the estate, and that the latter should have proper time in which to demur, or answer to the opposition as provided by the code.

ID.—VACATION OF ORDER—STRIKING OUT OPPOSITION—REFUSAL TO SET ASIDE PROBATE AND LETTERS—APPEAL.—A subsequent order vacating the order striking out the opposition, and giving the contestant certain time to serve the same, is no answer to an appeal from the order admitting the will to probate, and appointing the executor, where the court refused to set aside that order. Contestant had a right to be heard before the will was probated and the executor appointed.

APPEAL from orders of the Superior Court of Lassen County striking out an opposition to the probate of a will, and admitting the will to probate, and appointing an executor, and from an order refusing to set aside the order admitting the will to probate.

The facts are stated in the opinion of the court.

*Spencer & Raker, Clay W. Taylor, J. Chadbourne,* and *C. McClaskey,* for Appellant.

The order striking the opposition from the files was not authorized by the code. (Code Civ. Proc., secs. 1303, 1312.) The objections to the service could only effect the service, and did not invalidate any other portion of the proceedings. (*Abila* v. *Padila,* 14 Cal. 103.) The court could not admit the will to probate unless the contest was disposed of. (Code Civ. Proc., sec. 1314.) The orders made are erroneous, and should be reversed. (*Estate of Kohler,* 79 Cal. 313; *Estate of Langan,* 74 Cal. 353; *Estate of Sanderson,* 74 Cal. 205; *Estate of Doyle,* 73 Cal. 564; *Estate of Kile,* 72 Cal. 131; *Estate of Learned,* 70 Cal. 140; *Estate of Keane,* 56 Cal. 407; *Estate of Dalrymple,* 67 Cal. 444; *Corker* v. *Corker,* 87 Cal. 643; Myrick's Probate Reports, 75.)

*Goodwin & Dodge,* for Respondents.

The motion to strike out the grounds of contest was an authorized proceeding. (Code Civ. Proc., sec. 1713.) The court had jurisdiction to appoint the executor to preserve the estate pending the contest. (Code Civ. Proc., sec. 966.) Appellant's right to contest the will was preserved by the order vacating the order striking out the written opposition, and appellant has no longer any right to complain. (Code Civ. Proc., sec. 475.)

MCFARLAND, J.—William Stewart died in Lassen county on May 13, 1892, leaving what purported to be his last will, in which the respondent W. P. Hall was named as executor, and in which the daughters of the

deceased, May M. Atteberry, aged twenty-four years, and Nellie Stewart, aged eleven months, both residents of said Lassen county, and his daughter Lena M. Stewart, aged twenty years, resident of Butte county, were made devisees of all his property. Hall filed a petition for the probate of the will, and the hearing of the petition was fixed for the 11th day of June, 1892, at 10 o'clock A. M. At the appointed time the appellant, Mary E. Stewart, who is the widow of the deceased, filed her written opposition to the probate of said will, with a written indorsement thereon of admission of service thereof by the attorneys of record of said petitioner Hall, and also the indorsement of what purported to be the signature of said devisee, Mrs. Atteberry, admitting service of said contest; but there was no other proof of such service.

Counsel for petitioner Hall, in the absence of counsel for contestant, moved orally—no notice thereof having been given—to strike the said written opposition of Mary E. Stewart from the files, on the ground that the same had not been filed or served as required by law. This motion was taken under advisement until 2 o'clock P. M. of said day. In the mean time the contestant furnished proof that the written opposition had been personally served on said Hall and on said Mrs. Atteberry; and proof was also made that said infant devisee, Nellie Stewart, was in the care and custody of her mother, said Mary E. Stewart, and that a copy of said opposition had been served on said Mary, and also on said infant Nellie; and contestant also had filed a petition for the appointment of a guardian *ad litem* of said infant Nellie to take charge of her interests in said litigation. The court, however, refused to consider said proofs, upon the ground that they " came too late, and should have been filed at 10 o'clock A. M. of said day." The court then, on motion of petitioner, struck said opposition from the files, and proceeded to hear the petition for the probate of the will, entirely disregarding said opposition, and made an order admitting said

will to probate and appointing said Hall executor—to all of which rulings contestant objected and excepted. From said order the contestant, Mary E. Stewart, appeals.

The written opposition of contestant was in proper form, and set forth many alleged facts which, if true, established the invalidity of the asserted will; and the court erred in denying said opposition and proceeding to probate the will and to issue letters testamentary to Hall, without any hearing of the matters alleged in said opposition. This course, it seems, was based upon the provision of section 1312 of the Code of Civil Procedure, that the contestant must file a written opposition, "and serve a copy on the petitioner and other residents of the county interested in the estate." But it had been served on the attorneys of Hall; and this being so, the court should not have refused to give the appellant an opportunity to prove the averments of her written opposition, although there was not at ten o'clock A. M. sufficient proof of service on the other persons mentioned in said section of the code. As against Hall, at least, there was a full showing by the pleading on file that the will was invalid, and that he had no rights in the premises. The court should have ordered that contestant furnish proper proof of service on the other parties, and that the latter should have proper time in which to demur or answer the opposition, as provided by the code. However, on the return-day, and before the hour to which the matter had been continued, the contestant did furnish proper proof of service upon all the persons mentioned in the code, except, perhaps, the infant Nellie; and, as to said infant, had furnished proof of all the service that could possibly have been made upon her, and had asked for the appointment of a guardian *ad litem.* Under these circumstances, we see no ground upon which the order appealed from can be affirmed. It is true that afterwards, on July 5th, the court, on motion of appellant, made an order vacating the order striking out said opposition, and giving con-

testant certain time to serve the same; but that order is no answer to this appeal, for the court refused to set aside the order admitting the will to probate and granting letters to Hall. Appellant had a right to be heard before the will was probated and Hall appointed executor. "Contesting a will after probate," under sections 1327–33, is a different thing.

Appellant also appeals from the order of June 11th, striking out her written opposition, and from the order of July 5th, refusing to set aside the order admitting the will to probate. Respondent does not raise the question that these orders are not appealable; and the question would not be important here.

The orders appealed from are reversed, with directions to the court below to hear and determine the original question, whether or not the said will should be admitted to probate and letters testamentary issued to said Hall, upon the issues made by said written opposition, after proper service thereof, and such pleadings as respondents may choose to make thereto.

DE HAVEN, J., and FITZGERALD, J., concurred.