STATE ex rel. DONOVAN, ATTORNEY GENERAL, PLAINTIFF, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., DEFENDANTS.

(No. 1,673.)

(Submitted May 10, 1901. Decided June 3, 1901.)

*Wills—Contest—Filing—Leave of Court—Necessity—Escheat —Right of State.*

1. Grounds for contesting a will, which were filed before the date to which the hearing of the petition for probate had been postponed, were in time,

though the time originally fixed by the court within which objections might be filed had expired.

2. Code of Civil Procedure, Sec. 589, providing that any person, before trial, may intervene in an action by filing, by leave of court, the grounds of the intervention, does not apply to the filing of grounds for contesting a will.

3. Under the Codes of 1895, a proceeding by the attorney general to reduce property to his possession, or a proceeding by him in the nature of an inquest of office to determine whether the state has title to lands, may not, in any event, be commenced within five years after the death of the decedent.

4. To entitle a person to oppose a testamentary paper under Section 2329 of the Civil Code, it is sufficient if he disclose the existence of a contingent interest.

5. Civil Code, Sec. 1852, Subd. 8, provides that if an intestate leaves no heirs, his estate escheats to the state; and section 2329 authorizes any person interested to contest a will. *Held,* that, where a testator died without heirs, the state was entitled to contest a proposed will, since it was an interested party, within the meaning of the Code.

6. Civil Code, Sec. 1867, provides that no resident foreigner can take by succession unless he appears and claims such succession within five years after the death of the decedent to whom he claims succession; and section 1868 declares that, when succession is not claimed as provided in the preceding section, the district court must direct the attorney general to reduce the property to the possession of the state, and that the proceeds thereof must be deposited in the state treasury, to be paid to a nonresident alien whenever, within five years after such deposit, he shall prove that he is entitled thereto. Code of Civil Procedure, Part III, Title VIII, authorizes the attorney general to file an information on behalf of the state requiring all persons interested in an estate to appear and show cause why the same should not vest in the state. *Held* that, where a testator had no resident heirs, the state was entitled to file objections to the probate of the will before the expiration of five years from testator's death; otherwise the right to contest would be barred by Code of Civil Procedure, Sec. 2366, making the probate of a will conclusive if not contested within one year.

MANDAMUS by the state, on the relation of James Donovan, attorney general, against the district court of the Second judicial district of the state of Montana and E. W. Harney, one of its judges. Motion by defendants to quash an alternative writ. Motion denied, and peremptory writ granted.

*Mr. James Donovan, Attorney General,* and *Mr. Peter Breen,* for Relator.

*Mr. J. B. Dennis* and *Messrs. Roote & Clark,* for Defendants.

The state of Montana is not entitled to take possession of the estate of a decedent until five years after his death. (2d Vol. Code (Mont.) Sec. 1867.) Nor can the attorney general

reduce the property to possession until after that time. (2d Vol. Code (Mont.) Sec. 1868; 2d Vol. Code (Cal.) Sec. 1405.) The estate does not really escheat until ten years after decedent's death. (*Id.* Sec. 1869; *Id.* Sec. 1406; Presumptions Vol. 3, Code California, Sec. 1963, Subd. 28; Presumptions Vol. 3, Code Montana, Sec. 3266, Subd. 28.) The statutes of Montana prescribe and this court has distinctly held that an intervener must first obtain permission of the court before he can be heard. (Code of Civil Procedure, Sec. 589; *Deitrich v. Steam Dredge*, 14 Mont. 261.) Had the "objections" of the attorney general been filed with the court's permission, we contend that the state of Montana could not contest the validity of the will until the expiration of five years after Colbert's death. If there were heirs or legatees, the law gives them the sole right of such a contest. (*Franke v. Shipley*, 29 Pac. 268.) The law presumes that a citizen dying intestate had heirs. (*Wilbur v. Tobey*, 16 Pick. 177; *People v. Roach*, 76 Cal. 294.) And this presumption continues in this state for five years after death. (Civil Code, Secs. 1867-1868.)

The attorney general cannot contest the validity of a will until there has been an inquest of office in the manner directed by Section 2250 *et seq.* of the Code of Civil Procedure of the Statutes of Montana, and Section 1868 of the Civil Code. And this suggestion is sustained by the following authorities: *People ex rel. Atty-Gen'l v. Roach*, 76 Cal. 294; *State v. Smith*, 70 Cal. 153; *People ex rel. Atty.-Gen'l v. Folsom*, 5 Cal. 374; *Frank v. Shipley*, 29 Pac. Rep. 268 (from Supreme Court of Oregon, March 4, 1892); *Wilbur v. Tobey*, 33 Mass. (16 Pick.) 177; *Hoff v. State*, 72 Texas 281 (also reported in 10 S. W. Rep. 589); *Jackson v. Adams*, 7 Wend. 367; *Rubeck v. Gardner*, 7 Watts (Penn.) 455; *Crawford v. Commonwealth*, 1 Watts (Penn.), 480; Political Code, Sec. 463.

We urge that it is unnecessary in the determination of the question raised by the attorney general's brief (i. e., can the state of Montana become seized at once, under any circumstances, of the property of a person dying intestate?), to look

beyond our own constitution and statutes and the decisions of
the Supreme Court of California construing the laws of Cali-
fornia, from which ours are borrowed. In adopting the statute
of another state we adopt the construction placed upon it by
the courts of the state from which the statute is borrowed.
(*Stackpole* v. *Hallahan*, 16 Mont. 40; *Murray* v. *Heinze*, 17
Mont. 353; *State* v. *O'Brien*, 18 Mont. 1; *State ex rel. Milsted*
v. *Butte City Water Co.*, 18 Mont. 199; *Largey* v. *Chapman*,
18 Mont. 563.)

The attorney general adverts to the well known doctrine that
title to property must always be vested somewhere; that it can-
not remain suspended in the air. This might avail him in this
case if it were true, as he seems to think, that Colbert died
without heirs. This, however, is impossible. It is a presump-
tion of law that every intestate has left some one on earth enti-
tled to claim as his heir, however remote. (Code of Civil Pro-
cedure, Sec. 3266, Subd. 28; Abbott, Trial Evidence, 2d Ed.
p. 110.) In every provision of our Codes relating to the ad-
ministration of estates and germane to the subject this presump-
tion is indulged. These provisions are numerous. (*People*
v. *Roach*, 76 Cal. 297.) The title to the property left by Col-
bert at the time of his death could not therefore have vested,
as urged by the attorney general, in the commonwealth imme-
diately upon Colbert's death. The attorney general cannot
say that there are no heirs; it cannot be proven that there are
no heirs. The law presumes otherwise. And even if it were
possible that Colbert died without heirs, this fact cannot pos-
sibly be proven. The commonwealth is not a party interested
in the estate, and for this reason cannot, as we think, contest
the will offered for probate. "Any person interested" has been
defined to mean a person having a pecuniary or property inter-
est in the estate. (*Estate of Sanborn*, 98 Cal. 103; *McDonald*
v. *White* (Ill.), 22 N. E. 600; *Estate of Parsons*, 65 Cal. 240;
*Hickman's Estate*, 101 Cal. 612, 36 Pac. 118; *Franke* v. *Ship-
ley* (Oregon), 29 Pac. 268; *Estate of Healy*, 122 Cal. 163, 54
Pac. 736.)

The statute does not give the commonwealth the right to contest wills. Section 2329 of our Code of Civil Procedure prescribes who may appear and contest wills. We urge that no others may appear. The state is not mentioned as one who may appear and contest a will, but only "parties interested," which means those having a pecuniary or property interest in the estate. The commonwealth of Montana cannot have any pecuniary or property interest in the estate of Colbert. There are heirs . It cannot be said at this time that they will not appear within the time allowed them by law and claim the estate to which they are entitled. If the state ever acquires any interest whatever in Colbert's estate, it will do so by reason of the fact that the heirs who, as we have seen, do exist, fail to appear within the time allowed by law to claim the estate. (*State* v. *Smith,* 70 Cal. 156.) It is clear by the decision just cited that the commonwealth does not acquire any interest whatever in the estate of a deceased person at the time of his death, and we cannot presume that those who are interested in the estate and who have the right to succeed to it by inheritance will not appear and set up their claims. It cannot be urged either that the state, though having no interest now, may acquire an interest at some future time by the failure of heirs to appear and claim the property. Under a statute similar to ours it was held in Illinois that a will could only be contested by persons interested at the time. (*McDonald* v. *White,* 22 N. E. 600.)

If we are justified in insisting upon a strict construction of Section 2329 of our Code of Civil Procedure, where it is provided that "any person interested" may appear and contest wills, we contend that this excludes all persons who are not interested in the estate from appearing and contesting wills offered for probate. The maxim *expressio unius est exclusio alterius* governs. (Sunderland on Statutory Const. Sec. 327.)

We agree with the attorney general that the freehold must always vest somewhere; that it cannot remain suspended in the air; but disagree with him in the present instance as to whether

or not the freehold is vested in the commonwealth, and confidently urge that it is not vested in the commonwealth, but is vested in either the heirs of the estate, which, as we have seen do exist and which fact cannot be controverted, or else is vested in the devisees and legatees named in the will offered for probate, which is true if the will is genuine. If the will offered for probate is in fact the lawful will of the deceased, then the freehold vested instantly upon his death in the devisees named therein. (*Otto* v. *Doty* (Iowa), 15 N. W. 578; *Olleman* v. *Kilgon* (Iowa), 2 N. W. 612.) The provision of the statute that "any person interested" may appear and contest the will excludes all persons who are not interested. There is no exception in favor of the state. She cannot invoke her prerogative in this matter. The state has no interest and no right to interfere by any proceedings until after five years have expired. Even then the state can only proceed in the manner pointed out by the statute; the proceeds of the estate are then to be paid into the treasury and must remain there for another period of five years, within which the heir can come in and present his claim. Only after the expiration of this extended period does the right of the estate begin to operate. We think that the case of *People* v. *Rodgers,* 13 Cal. 159, is conclusive on this proposition and renders further argument unnecessary.

The attorney general states in his brief that any interest, however slight, is sufficient to entitle one to contest a will. His difficulty and his error are in confounding the possibility of an interest at some time in the future with a slight interest. We concede that a person, the value of whose interest in an estate amounts to but one dollar, is as much entitled to contest a will offered for probate as one, the value of whose interest amounts to one thousand dollars. The case cited by the attorney general on this point, viz., *St. John's Vestry* v. *Bostwick,* 8 D. C. App. 464, is against the great weight of authority and does not govern in this case. (*McDonald* v. *White* (Ill.), 22 N. E. 600; *Franke* v. *Shipley* (Ore.), 29 Pac. 268; *Shepard's Estate,* 170 Pa. St. 323, 32 Atl. 140; *Cochran* v. *Young,* 104 Pa. St.

333; *Lockard* v. *Stephenson* (Ala.), 24 So. 996; *Storrs* v. *St. Luke's Hospital*, 75 Ill. App. 152, 72 Am. St. 211; *Estate of Healy*, 54 Pac. 736, 122 Cal. 162; *Fallon* v. *Fallon*, 107 Iowa 122.)

The attorney general urges at great length that inquest of office is not necessary to pass title to the state. Again we must express surprise at his total disregard of the statutes of Montana. Sections 2250 to 2253, inclusive, of our Code of Civil Procedure, provide the manner of conducting proceedings relative to escheated estates. The question of the escheat of a decedent's property for nonexistence of heirs can be determined only by the method provided by the statute. (*Muir* v. *Thomson*, 28 S. C. 499.) It must be established by a judicial proceeding in the proper court in the name of the people, for the purpose of proving and establishing it by judicial determination. (*Wallahan* v. *Ingersoll*, 117 Ill. 123.) The proceeding is in the nature of an inquest of office and the record of it is the only competent evidence by which a title to escheat can be established. (*Den* v. *O'Hanlon*, 21 N. J. L. 582; *Crane* v. *Reeder*, 21 Mich. 24; *Commonwealth* v. *Hite*, 29 Am. Dec. 226; *People* v. *Folsom*, 5 Cal. 373.) Where the statute requires proceedings in the nature of an inquest of office, the record thereof is the only evidence by which title by escheat can be established by the state. (*Wallahan* v. *Ingersoll*, 117 Ill. 123.) Inquest of office is necessary when required by statute, and until inquest of office, no title passes to the commonwealth. (*People* v. *Roach*, 76 Cal. 294; *State* v. *Smith*, 70 Cal. 153.)

The doctrine that one who does not have a pecuniary interest in the estate cannot contest a will offered for probate is supported in the following cases: *Crerar* v. *Williams*, 34 N. E. 467; *Jele* v. *Lemburger* (Ill.), 45 N. E. 279; *Wilcoxon* v. *Wilcoxon* (Ill.), 46 N. E. 369; *Lewis* v. *Cook* (N. Y.), 44 N. E. 778; *Lockard* v. *Stephenson* (Ala.), 24 So. 996; *Shepard's Estate* 32 Atl. 1040; *In re Brown*, 47 Hun. 360; *Stewart's Estate* (Iowa), 77 N. W. 574; *Meyer* v. *Fogg* (Fla.) 68 Am. Dec. 441, and note; *In re Fallon's Will*, 77 N. W. 575; *Mid-*

*dledith* v. *Williams,* 47 N. J. Eq. 585, 21 Atl. 290; *Maurer,* v. *Naill,* 5 Md. 324; *Storrs* v. *St. Luke's Hospital,* 75 Ill. App. 152, 72 Am. St. 211; *Franke* v. *Shipley,* 29 Pac. 268; *McDonald* v. *White* (Ill.), 22 N. E. 600; *McChutchen* v. *Loggins,* 19 So. 810; *Murry* v. *Hennessy,* 67 N. W. 470; *Taff* v. *Hosmer,* 14 Mich. 249; *Hopf* v. *State* (Tex.), 10 S. W. 589; *Estate of Parsons,* 65 Cal. 240; *In re Hickman,* 101 Cal. 612; *Sanborn's Estate,* 98 Cal. 103; *In re Welch,* 106 Cal. 429; *Estate of Radfield,* 116 Cal. 643; *Estate of Healy,* 122 Cal. 163.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

The object of this proceeding is to obtain a writ of mandate requiring the defendants, the district court of Silver Bow county and E. W. Harney, one of its judges, to restore to the files certain grounds of opposition to the probate of the will of one Charles Colbert, deceased, and to hear and determine them.

The affidavit in support of the application for an alternative writ and the answer of the defendants show these facts: On February 14, 1901, Charles Colbert died in the county of Silver Bow, Montana, leaving an estate therein of the value of $50,000 or thereabouts. On February 21, 1901, one Woolbeater filed in the district court of that county his petition for the probate of an alleged will of the decedent, dated February 11, 1901, in which Woolbeater and one Lippincott were named as legatees and devisees, and for issuance to Woolbeater of letters testamentary. The petition was set for hearing on March 9, but was thereafter postponed to April 9, 1901. In the meantime, on April 3d, the attorney general of Montana (the county attorney of Silver Bow county being associated with him) for and on behalf of the state, filed written grounds of opposition to the probate of the purported will, alleging that Colbert died intestate, leaving no heirs within the state or elsewhere to the knowledge of the petitioners; that Colbert was, by reason of physical and mental debility and unsoundness, incompetent to make a last will and testament; that the pretended will was not

subscribed or published by Colbert, but that his name was forged thereto after his death by the beneficiaries named therein; and that the contest was instituted for the reason that, in the absence of any heirs, the estate will escheat to the state of Montana. These grounds of opposition the proponent on April 9, 1901, moved to strike off because they had been filed without permission after the time prescribed by the court within which persons might appear to contest; because the time within which the estate might escheat had not expired, and because escheat cannot be determined in probate proceedings. Further reasons were recited in the motion, but were abandoned on the argument, and will not be noticed. The motion was granted, and the district court and its judge will, unless otherwise directed by this court, proceed to hear, and hear, the petition for the probate of the will, ignoring the objections, and denying the state any right to contest the will before its probate.

Upon the foregoing facts, the defendants ask that the alternative writ of mandate be quashed, insisting that the state has no right to contest the probate of the will.

Although the arguments have taken a wide range, there are really but two questions necessarily presented: (1) Were the grounds of opposition to the probate of the alleged will filed in due season, and (2) has the state such an interest as entitles it to contest the probate of the purported will? We shall do little more than announce our conclusions.

1. The contest was instituted by filing written grounds of opposition before the date to which the hearing of the petition for probate had been postponed. In the recent case of *Raleigh* v. *District Court,* 24 Montana, 306 (61 Pac. 991), a contest initiated after the time originally appointed for the hearing of the petition but before the hour to which the hearing had been postponed was held to have been in due season. Applying the rule of that case, the contest in the case at bar was begun in time, and there was no reason or necessity for obtaining leave of court to file the grounds of opposition. Section 589 of the Code of Civil Procedure refers to intervention, and has nothing

to do with the commencement of proceedings to contest a will under Sections 2329 and 2340 of the same Code.

2. Counsel for the defendants insist that the contest which the state endeavored to make was a proceeding in escheat, or to have an escheat declared. If this were its character, the proceeding was premature, and the district court properly refused to entertain it, for, under Sections 1867, 1868 and 1869 of the Civil Code, Sections 4510 and 4521 of the Political Code, and Title VLII of Part III of the Code of Civil Procedure, a proceeding by the attorney general to reduce the property to his possession, or a proceeding by him in the nature of an inquest of office to determine whether the state has title by escheat to lands, may not, in any event, be commenced within five years after the death of the decedent. (*People* v. *Roach,* 76 Cal. 294, 18 Pac. 407.) But the contest of a will does not involve the question whether the property has escheated or will escheat, nor the question whether the property or its proceeds should be deposited in the state treasury for the benefit of nonresident alien heirs. Neither question can be adjudicated upon the contest of a will or of its probate. The office of a contest is to attack the validity of a purported will; its object is to have such will rejected; consideration of the question of title, except in so far as it may be essential to ascertain whether the contestant is an interested person, within the meaning of Sections 2329 and 2340 of the Code of Civil Procedure, would be without the legitimate scope of the proceeding.

Much—indeed the greater part—of the argument has been addressed to the question whether title to the property of a decedent which escheats, vests immediately upon his death, or not until the heirs have failed to claim succession within the time prescribed by statute. On the part of the state it is maintained that title vests at the moment of death, while the defendants argue that that the state does not acquire any title during the five years following the intestate's death. We deem it unnecessary to decide which of these positions is correct. Assuming, for the purposes of the present case, that the contention of

the defendants in respect of the time when title by escheat vests should be upheld, the question presented is: Has the state such an interest in the probate of the will or in the property of the estate of Colbert, deceased, as entitles it to contest the will? Subdivision 8 of Section 1852 of the Civil Code provides, in substance, that, if an intestate leaves no heirs, his estate escheats to the state. Section 2329, *supra,* provides that any person interested may appear and contest a will. The grounds of opposition to the probate of the will offered by Woolbeater, if established, would result in its rejection, in which case, if there are heirs or another will, the property would descend to them, or pass by purchase to the devisees or legatees, provided they appear within the periods prescribed by statute. To show the state's interest, the attorney general alleged that Colbert died intestate, leaving no heirs within the state or elsewhere, to his knowledge. We think the state exhibited *prima facie* sufficient interest to enable it to institute a contest of the will. If there is no valid will, and no heir asserts his right of succession within the statutory period, the estate escheats. True, heirs may appear in due season; the state would then cease to have an interest in the property. The present interest of the state depends, therefore, upon the nonascertainment of heirs, but the interest, although contingent, is nevertheless a substantial one. The probability of an interest, or even an interest dependent upon a condition, is enough. It would hardly be contended that a contingent remainder-man or an executory devisee is not sufficiently interested in an estate to have the will proved, or to object to its admission to probate when asserting rights under a different will; nor do we think that if A. devised lands to B., with remainder over to C. in case B. should die before C., C. would be without an interest in the probate of the will or in the estate of A., although B. were yet alive. A supposed will by which A. devised real property to B. absolutely is presented for probate. C. files grounds of opposition to the probate, alleging that the will is a forgery, or is invalid for want of competency in the testator, and, to show his interest, avers that by a former will

the testator devised all his property to D. upon the condition subsequent that D. should within twenty years appear and claim it, in default of which the property should go to C., and that D. has not asserted his right, and the twenty years have not passed. We think that C. discloses an interest in the probate of the second will, although it is manifest that twenty years have not elapsed since the testator's death, and D. has yet the privilege of making his claim. The state may protect and preserve its contingent interest by contesting a supposititious will. There is some conflict in the decisions touching the nature of the interest which the contestant must possess; but we are satisfied, upon principle, that, to entitle a person to oppose a testamentary paper, it is sufficient if he discloses the existence of a contingent interest. The following text-books and cases may be cited as lending support to the doctrine: Williams on Executors, page 279; Redfield's Law and Practice of Surrogates' Courts (5th Ed.), page 88; 1 Robertson's Ecclesiastical Reports, 270; *In re Greeley's Will,* 15 Abb. Prac. (N. S.) 393; Note to *Meyer* v. *Fogg,* 68 Am. Dec. 447; *Vestry of St. John's Parish* v. *Bostwick,* 8 App. D. C. 464; *Watson* v. *Alderson,* 146 Mo. 333, 69 Am. St. Rep. 615, 48 S. W. 478; *In re Merchant's Will,* 1 Tucker (N. Y. Surrogate Repts.) 18, 19.

Unless Section 2360 of the Code of Civil Procedure may be so construed as to permit the state to contest the probate or validity of the will within one year after its probate, the possible or contingent interest which the state asserts, and the title which it might acquire by escheat, would be concluded by the probate of the will. Section 2366 of the Code of Civil Procedure provides that "if no person, within one year after the probate of a will, contest the same or the validity thereof, the probate of the will is conclusive; saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed." It is apparent, therefore, that if the state may not contest the will before its probate, or within one year thereafter, its rights are forever lost.

We have not been referred to, nor have we found, any re-

ported case in which the precise question here presented was decided. We find nothing in the law which requires a conclusion different from the one reached, which is certainly consonant with reason, analogy and justice.

The motion to quash the alternative writ is denied, and judgment is awarded granting a peremptory writ as prayed for.

*Writ granted.*