[S. F. No. 6258. Department One.—January 22, 1913.]

In the Matter of the Estate of CONSTANCIA MOLLEN-KOPF, Deceased.

WILL—CONTEST BEFORE PROBATE—TIME FOR FILING WRITTEN OPPOSI-TION.—In the case of a contest of a will before probate, the Code of Civil Procedure nowhere in terms prescribes when the written opposition must be filed, in order to entitle it to be considered. Obviously, to be effectual as a contest before probate, it must be filed before the alleged will is admitted to probate, and the statute contemplates that it will be filed at or before the time designated in the notice for the hearing of the petition for probate. But the person proposing to contest before probate does not forfeit his right to do so merely by reason of failing to file his opposition at or prior to the time so designated in the notice for the hearing.

ID.—OPPOSITION FILED BEFORE TIME OF CONTINUANCE OF HEARING.—A written opposition to the probate, which was properly served on the attorney for the petitioner, and filed before the time to which the hearing of the petition for probate had been continued, is in time and must be considered, and is a bar to the admission of the will to probate, until disposed of in the manner provided by law.

ID.—TAKING PRELIMINARY TESTIMONY AT DATE OF HEARING—CONVENIENCE OF WITNESS—TESTIMONY TAKEN WITHOUT PREJUDICE TO CONTESTANT.—Where the written opposition is so served and filed, the mere fact that the court, at the time designated in the notice for the hearing of the petition for probate, received testimony in support of the will sufficient to make a *prima facie* case for its admission, does not defeat the right to maintain such contest, if the court, at the time of taking such testimony, expressly declared that he did so preliminarily and merely for the convenience of witnesses and without prejudice to the rights of the contestant.

ID.—REFUSAL TO ENTERTAIN CONTEST—CONTESTANT PREJUDICED.—The refusal of the court to entertain a properly instituted contest of a will before its probate must be deemed prejudicial to the contestant, notwithstanding the law gives the contestant the right to institute a new contest at any time within one year after the alleged will is admitted to probate.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

I. B. Dockweiler, Costello & Costello, Robert B. Murphy, and A. W. Brouillett, for Appellant.

F. G. Hentig, and Haas & Dunnigan, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order admitting a certain document to probate as the last will of deceased, and appointing the petitioner William Mollenkopf executor thereof without bond as specified therein.

The material facts on this appeal are substantially as follows: The petition for the probate of said alleged will came on for hearing on March 19, 1912, at ten o'clock A. M. At that time no written grounds of opposition had been filed. One of the attorneys of the contestant (Juliana R. de Long, mother of deceased) announced to the court that written

grounds of opposition to the probate had been mailed in Los Angeles to the clerk of said court the day before, and were then due in San Francisco, and that a copy thereof had been served on petitioner's attorney the day before. The court announced that "as some of the witnesses had come from Los Angeles, he would hear their testimony preliminarily and without prejudice to the rights of the contestant." Witnesses were then called and examined on behalf of the petitioner, and gave testimony that the will was duly executed, and that deceased was of sound mind and not acting under duress, fraud, etc. The court then stated that it would continue the further hearing of the matter to two o'clock P. M. of the same day, which was done. Prior to that time the written opposition to the probate was filed in the office of the clerk of said court, and the same showed, by affidavit attached thereto, that it had been served by copy on the attorney for the petitioner, by the leaving of such copy in his office with a person in charge thereof under the circumstances and in the manner specified in subdivision 1 of section 1011 of the Code of Civil Procedure. This written opposition was in proper form, and to use the language of *In re Stewart,* 100 Cal. 249, [34 Pac. 707], "set forth many alleged facts which, if true, established the invalidity of the asserted will." When the matter came on for further hearing at two P. M., the written opposition on file, with proof of service, was brought to the attention of the court. The court then ruled that as the written opposition was not on file at ten A. M. of that day, the same should be disregarded, and also that the attorney for petitioner had not received sufficient notice. Thereupon the order admitting the will to probate and appointing petitioner executor was made, without any other disposition of the written opposition to probate.

It is not disputed that if the written opposition was properly served on petitioner's attorney and was not filed too late to entitle it to be considered, it was a bar to the admission of the alleged will to probate, until disposed of in the manner provided by law. Such disposition involved an opportunity to those interested in the will to answer the opposition, and a trial of the issues thus made, by a jury if either party so requested.

It is not suggested by respondent that service of the written opposition, by copy, was not made on petitioner on March 18, 1912, in all respects as required by law, and we are satisfied that the affidavit attached to the written opposition sufficiently showed due service.

Our law nowhere in terms prescribes *when* the written opposition must be filed, in the case of a contest before probate, in order to entitle it to be considered. Notice of the time appointed for the probate having been provided, it is declared in section 1306 of the Code of Civil Procedure that, ''at the time appointed for the hearing, or the time to which the hearing may have been postponed, . . . the court must hear the testimony in proof of the will.'' In section 1307 of the Code of Civil Procedure it is declared that ''any person interested may appear and contest the will,'' and in section 1308 of the Code of Civil Procedure, that '' if no person appears to contest the probate of a will, the court may admit it to probate on the testimony of one of the subscribing witnesses only,'' etc. By section 1312 of the Code of Civil Procedure it is declared that ''if any one appears to contest the will, he must file written grounds of opposition to the probate thereof,'' etc. Obviously, to be effectual as a contest before probate, the written opposition must be filed before the alleged will is admitted to probate, but there is nothing in the provisions of our code that in terms makes it ineffectual if filed at any time prior to the admission of the will to probate. The statute contemplates, of course, that it will be filed at or before the time designated in the notice for the hearing of the petition for probate, and inasmuch as, in the absence of a contest, the formal proofs as to execution, etc., may be and are ordinarily then received and the alleged will admitted to probate, a party desiring to contest will naturally file his opposition at or prior to the time so designated. But the person proposing to contest before probate does not forfeit his right to do so merely by reason of failing to file his opposition at or prior to the time so designated in the notice for the hearing.

It has been held that if the contest is properly instituted before the time to which the hearing on the petition is continued, it is in time and must be considered. This is practically held in *Estate of Stewart*, 100 Cal. 246, [34 Pac. 706]. It is true that in that case the opposition was on file at the

original time fixed for hearing, but there was then lacking proof of service thereof on certain parties other than the petitioner who were required by the statute to be served. A motion to strike the opposition from the files on the ground that the same had not been filed or served as required by law was made, and this motion was taken under advisement until two P. M. of the same day. Before that time arrived, contestant supplied such proofs, but the lower court held that they should have been filed at ten A. M. and came too late. It therefore struck the opposition from the files and admitted the will to probate. This court held: 1. That the absence of such proof of service was no warrant for a disregard of the contest as to the petitioner for probate, as to whom proof of service was on file; and 2. Assuming that such absence of proof rendered the opposition ineffectual, nevertheless, the furnishing of such proof "before the hour to which the matter had been continued" sufficiently answered the objection of petitioner; in other words, that if all the requirements of the law as to the institution of a contest are complied with at or prior to the time to which the hearing on the petition is continued, the contest is in time, even though none of such requirements was complied with at or prior to the time designated for hearing by the notice. In the case just cited, this court said that "under these circumstances, we see no ground upon which the order appealed from (the order admitting the will to probate) can be affirmed." That a contest initiated after the time originally appointed for the hearing of the petition but before the hour to which such hearing has been postponed, is in time, has twice been held by the supreme court of Montana, upon statutes substantially similar to ours. (See *Raleigh* v. *District Court*, 24 Mont. 306, [81 Am. St. Rep. 431, 61 Pac. 991] ; *State* v. *District Court*, 25 Mont. 355, [65 Pac. 120].) We think that there can be no doubt as to the correctness of these rulings, in view of the statutory provisions in California and Montana on the subject.

The record on appeal, fairly construed, brings this case within the doctrine of these decisions. Much reliance is placed by respondent upon the fact that the court did receive testimony in support of the will at the morning session and before continuing the further hearing to two P. M., and he claims that the record shows that the hearing was then completed, no

further testimony having been given at the afternoon session. But the bill of exceptions shows that in response to the statement of counsel for the contestant as to the proposed contest, the learned judge of the trial court announced that "as some of the witnesses had come from Los Angeles he would hear their testimony preliminarily and without prejudice to the rights of the contestant," and that after doing this, he continued the further hearing of the matter to two o'clock P. M. This was practically, for all the purposes of a contest, a continuance of the whole hearing from the time originally set until two o'clock P. M. of the same day, and it was a continuance that the court had power to grant. Under the authorities already cited, the contest was therefore filed in time. The mere receiving of testimony at the morning session under the circumstances stated in no wise affects the question, even though thereby a *prima facie* case for the admission of the will to probate was shown.

We are by no means prepared to concede that a failure to file a contest before the commencement of the taking of testimony on a petitioner's application, would under any circumstances preclude the filing of the same subsequently, and before the matter was finally submitted to the court for decision. But we are not called upon to determine this question here, as we are satisfied that upon any fair construction of the record the contest must be held to have been instituted before the time to which the matter had been continued for hearing from the time originally fixed, the testimony actually received at the first session being expressly declared to be received preliminarily or *in advance,* merely for the convenience of the witnesses from Los Angeles, and "without prejudice to the rights of the contestant."

Although contestant was not barred by the order admitting the will to probate from instituting a new contest at any time within one year after the alleged will was admitted to probate, it cannot be held, and indeed is not claimed, that she is not substantially prejudiced by the disregard of her contest before probate. One result of such contest, if successful, would have been to prevent the petitioner for probate from acting as executor without bonds, and if appointed administrator of the estate of deceased, he would be required to give security for the faithful performance of his duties. As the owner of

half of the property of the decedent if the will was invalid, contestant was substantially interested in having proper security for the discharge of his duties by the person administering the estate. She would have no such security under the order appealed from during the pendency of any contest instituted by her after probate. We do not mean to suggest that this is the only reason for holding the order prejudicial to contestant's substantial rights.

The order appealed from is reversed.

Shaw, J., and Sloss, J., concurred.