[S. F. No. 14845. In Bank.—January 29, 1934.]

In the Matter of the Estate of BARNEY McCABE, Deceased. STATE OF CALIFORNIA, Appellant, v. FRANK DALECSIC, Respondent.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Contestant.

Raymond D. Williams for Respondent.

THE COURT.—Barney McCabe died in the city and county of San Francisco on October 21, 1931. On November 12, 1931, two documents were admitted to probate as the last will and testament of said decedent. On April 28, 1932, the State of California, through its attorney-general, filed a contest of said documents on the ground that they did not in fact constitute a will nor, if they did, were they executed as required by the law of wills. The contest further alleged that decedent died without heirs at law and moreover, that one Frank Dalecsic, named in said documents, was not a son or heir at law of said decedent. Finally, it was alleged that the state was the only person or entity entitled to receive said estate.

A general demurrer, and also a special demurrer, was interposed by said Frank Dalecsic and by the court sustained. The special ground of demurrer was that the state had failed to allege facts and circumstances which showed its interest in said estate and its right to appear in said proceeding by contest of the will. Ten days were allowed the contestant to amend its petition. Within that period it filed an amended petition, which in all essential particulars was identical with the original one. Thereupon, respondent moved the court to strike said amended petition from the files and also prayed for judgment on his demurrer to the original petition. This motion was granted and judgment in favor of respondent Frank Dalecsic, followed on November 28, 1932, which judgment also ordered said petition stricken from the files. Said contestant thereupon appealed.

The allegations of the amended petition as to the absence of heirs at law, were as follows: ''That Frank Dalecsic and/or John W. Davis is not the son, illegitimate or otherwise, of the decedent, and in this connection contestant alleges that the decedent left no will and left no relative or heirs surviving him at the time of his death . . . there is no person, firm, corporation or individual entitled to succeed to the estate of the decedent or to any part thereof, save and except the contestant, State of California . . . that said State of California is a party in interest in said estate and is entitled to receive the same by direct distribution thereof, and that said estate is about to and should escheat to the State of California.''

These allegations were sufficient to show the interest of the state and also sufficient to show the facts and circumstances of such interest (secs. 1269, 1269a, Code Civ. Proc.). They do not allege a mere conclusion of law. In *State* v. *Miller*, 149 Cal. 208, 212 [85 Pac. 609, 610], speaking of allegations almost identical with those above quoted, the court said: ''It would be necessary, under this provision, therefore, with respect to such heirs, to make an allegation that there were 'no heirs to take the estate', which is the condition necessary under section 1386 of the Civil Code, to cause the property to escheat to the state. We do not see how this can be done except by a direct averment to that effect, nor how it can be held that this

is not a sufficient allegation of the fact to serve as a support for the proceeding." The above case modifies the doctrine announced in *State* v. *Smith,* 70 Cal. 156 [12 Pac. 121], and *People* v. *Roach,* 76 Cal. 296 [18 Pac. 407]. It has not been cited by counsel on either side herein nor have they attempted to distinguish it from the situation at bar. There is nothing whatsoever in the case of *State* v. *Superior Court,* 148 Cal. 55 [82 Pac. 672, 2 L. R. A. (N. S.) 643], which is contrary to the holding we have announced. In that case there was an entire absence of allegations of the same import as those herein found, but a clear intimation is there made that the allegations here are sufficient.

██ The contention that by filing an amended petition contestant confessed error, admitting that the demurrer had been properly sustained, does not necessitate an affirmance of the judgment. On appeal from such judgment the contestant is entitled to have reviewed the propriety of the order of the court striking the amended petition from the files and this is true even though it is essentially the same document as the original petition.

The judgment is reversed, with directions to the court below to reinstate the amended petition and to proceed with the determination of the cause.