[Civ. No. 9323. Second Appellate District, Division One.—May 7, 1934.]

In the Matter of the Estate of OLE PETERSON, Deceased. EDWARD J. COTTER, Executor, etc., et al., Appellants, v. FRANK BRYSON, Public Administrator, etc., Respondent; U. S. WEBB, as Attorney-General, etc., Intervener and Respondent.

John E. Sisson, George W. Seith and Arch G. McLay for Appellants.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

YORK, J.—On December 21, 1931, Ole Peterson, deceased, in the presence of witnesses affixed his signature (by mark) to a purported last will and testament, while lying ill in the General Hospital at Los Angeles. By the terms of said instrument, his entire estate was left to one Elsie Skinner, a neighbor of decedent, there being no known relatives surviving him.

Edward J. Cotter, an attorney at law, was named in the will as executor, and he petitioned the court for letters testamentary, whereupon the public administrator of Los Angeles County filed a contest to the probate of the will. The executor and the beneficiary filed demurrers to the contest, which were sustained with leave to amend, but no amendment was filed by the public administrator. The attorney-general of the state of California filed a petition in intervention by virtue of section 1269a of the Code of Civil Procedure, and the executor and administrator demurred thereto, demurrers were sustained and the attorney-general filed an amended petition in intervention; upon the issues framed by the amended petition in intervention and the answers thereto by executor and beneficiary, trial was had before the court sitting without a jury, and thereafter judgment was rendered denying petition of the executor for the probate of the last will and testament of Ole Peterson, deceased. Motions for new trial and to vacate the judgment were heard and denied. In addition to denying the petition of executor for probate of the will, the judgment provided that Mrs. Skinner was not entitled to any part of the estate of decedent under and by virtue of the instrument dated December 21, 1931; and decreed that the petition of the public administrator of the county of Los Angeles for letters of administration be granted.

It was found by the court that on the twenty-first day of December, 1931, and for a long time prior to that date, and continuously down to the time of his death, deceased "was not competent to make a last will and testament because of insanity and unsoundness of mind, and that at the time of the attempted execution of said purported will on the twenty-first day of December, 1931, and for some time prior thereto, the said Ole Peterson was suffering from a malady known as arterio sclerosis myocarditis senility, complicated by bronchial pneumonia, and that at the time of the attempted execution of said purported will, on the twenty-first day of December, 1931, and for a long time prior thereto, and at all times thereafter, and until the time of his death, the said Ole Peterson, deceased, was by reason of said malady, irrational and incompetent of transacting any business or of knowing the natural objects of his bounty and was then and there incapable of making a last will and testament; and that the said instrument heretofore referred to as the last will and testament of the said Ole Peterson, deceased, is not the last will and testament for the reasons hereinabove set forth."

The court further found that "by reason of his said malady, and by reason of his confinement occasioned thereby, the said Ole Peterson was during all of said time peculiarly susceptible to the suggestions and influences of those close to him, and particularly that during said time the said Ole Peterson was peculiarly susceptible to the suggestions and direction of the said Elsie Skinner; that while knowing the susceptibility of the said Ole Peterson during said time and taking advantage thereof, the said Elsie Skinner did, on the 21st day of December, 1931, call upon the said Ole Peterson, deceased, while he was in bed and suffering from said malady, and did then and there persuade, direct, urge. and influence the said Ole Peterson by undue and improper persuasion and influence to make and execute the said purported document, being the will granting and disposing of the estate of the said Ole Peterson, deceased, in favor of the said Elsie Skinner, and that the said instrument was made by the said Ole Peterson acting under the duress and undue influence of the said Elsie Skinner in the manner and in the particulars hereinbefore referred to; . . . "

As conclusions of law from the foregoing, it was found that the document dated December 21, 1931, was not a valid

will, or any will of the decedent; that Elsie Skinner was not entitled, by reason and by virtue of said document, to take any part of the estate of Ole Peterson.

Upon this appeal appellants maintain that the state is not an interested party within the meaning of section 370, Probate Code, and is therefore precluded from contesting the will in this estate; and further, that although respondent alleges that the right of the state to intervene is given by virtue of the provisions of section 1269a, Code of Civil Procedure, that that section applies only where the estate has actually escheated to the state, as provided in section 231 of the Probate Code, viz.: "Sec. 231, Escheat procedure. If the decedent leaves no one to take his estate or any portion thereof, under the laws of this state, the same escheats to the state as of the date of the death of the decedent." Appellants then contend that in the instant case there was someone to take, i. e., the beneficiary named in the will, who takes by purchase and not by descent.

While the authorities are not in harmony on the question of the right of the state to oppose or set aside the probate of a will, some states recognize such a right and among them is the state of California. In the *Matter of the Estate of McCabe*, 219 Cal. 742 [29 Pac. (2d) 195], the state filed a contest to two documents, admitted to probate as the last will and testament of the decedent, on the ground that they did not in fact constitute a will, nor if they did, were they executed as required by the law of wills. The contest further alleged that the decedent died without heirs at law, and moreover, that one, Frank Dalecsic, named in said documents, was not a son or heir at law of said decedent. Finally, it was alleged that the state was the only person or entity entitled to receive said estate. Both general and special demurrers were sustained by the court, the special ground of demurrer being that the state had failed to allege facts and circumstances which showed its interest in said estate and its right to appear in said proceeding by contest of the will. Upon appeal the Supreme Court held that the allegations were sufficient to show the interest of the state, and also sufficient to show the facts and circumstances of such interest, citing sections 1269, 1269a, Code of Civil Procedure.

Upon authority of the cited case, we hold that the state has sufficient interest in the probate of the will in the case

before us to sustain its right to intervene, and that there was no error on the part of the trial court in overruling demurrers of appellants to the amended complaint in intervention.

After a careful examination of the evidence shown in the bill of exceptions, we are of the opinion that the evidence was amply sufficient to support the findings of the court and the judgment.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.