# 84

495 P.2d 854

In re Estate of Florence D. MOLL, Deceased.

Mitchell M. HAZAR and Phyllis M. Hazar, his wife, Appellants-Cross Appellees,

v.

STATE of Arizona ex rel. Geraldine C. SWIFT, Estate Tax Commissioner of Arizona, and Gary K. Nelson, Attorney General of the State of Arizona, Appellees-Cross Appellants.

No. 1 CA–CIV 1607.

Court of Appeals of Arizona, Division 1.

April 17, 1972.

Rehearing Denied May 18, 1972.
Review Denied July 11, 1972.

Otto H. Linsenmeyer, Herbert Mallamo and Frank E. Dickey, Jr., Phoenix, for appellants-cross appellees.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Harry J. Cavanagh, and Jay M. Martinez, Phoenix, for appellees-cross appellants.

HOWARD, Judge.

An order denying admission of a will to probate is the subject of this appeal. Appellants, the named executor and residuary legatee of the will in question, challenged the subject order on jurisdictional grounds, sufficiency of the evidence, and alleged errors in the conduct of the trial.

The appellant-husband filed a petition to probate a document alleged to be the last will and testament of the decedent Florence D. Moll. The State of Arizona filed its opposition, alleging lack of testamentary capacity, undue influence and lack of execution by the decedent. The proponent moved to dismiss the State's contest on the ground that the State had no standing to maintain a will contest. The motion to dismiss was denied and a lengthy trial followed. Two interrogatories were submitted to the jury: (1) Whether the document offered for probate was signed by the decedent; and (2) whether the decedent had testamentary capacity to make a will at the time it was allegedly executed. The jury responded in the negative to both interrogatories whereupon judgment was entered decreeing that the will offered for probate was not the last will and testament of the decedent and rejecting it for probate. The court further ordered that the contestant recover costs from the estate of the decedent. The appellees have cross-appealed as to the allowance of costs, contending that such costs should be assessed against the appellants rather than against the estate of the decedent.

A.R.S. § 14–351 permits a contest of a will before probate by "any person interested". The State, in its pleading filed in opposition to the probate, alleged that it was a person interested in said estate "in that the deceased died without any heirs at law or next of kin surviving her and that if the said decedent died intestate

your petitioner is entitled to receive the entire estate of said decedent pursuant to the provisions of Sec. 12–881, A.R.S."

The question of whether the State is "a person interested" within the purview of A.R.S. § 14–351 has not been resolved in this jurisdiction. According to one text-writer, the weight of authority in this country recognizes the right of the State to appear and contest the validity of a will where it claims that the will is invalid and that the estate should escheat. 1 Bancroft, Probate Practice § 176 (2d ed. 1950). It is therein stated:

"It is true that the contest of a will does not involve the question of whether the property has escheated or will escheat, or the question whether the property or its proceeds should be deposited in the state treasury for the benefit of non-resident alien heirs. But since probate will become conclusive if there is no contest within a year, where there are apparently no heirs the state may, as one contingently interested, and therefore as one 'interested' within the statute, contest probate in order to save its contingent rights in case no heirs later appear."

Our Supreme Court has defined a "person interested" as one who will be directly affected in a pecuniary sense by a settlement of the estate under the will, i. e., one who is affected detrimentally by being deprived of a right he would otherwise have had in the absence of a will. In re Estate of Biehn, 41 Ariz. 403, 18 P.2d 1112 (1933). It is not necessary, however, that the impairment or benefit be established as a certainty; a prima facie showing of an interest is enough. In re Estate of Harootenian, 38 Cal.2d 242, 238 P.2d 992 (1951).

Other jurisdictions which have considered the question of whether the State has the requisite standing to contest a will have answered the question in the affirmative. *See, e. g.,* In re Estate of McCabe, 219 Cal. 742, 29 P.2d 195 (1934); Warren v. Estate of Sidney, 183 Miss. 669, 184 So. 806 (1938); State ex rel. Donovan v. District Court of Second Judicial District of Montana, 25 Mont. 355, 65 P. 120 (1901); State v. Lancaster, 119 Tenn. 638, 105 S.W. 858 (1907); Alexander v. State, 115 S.W. 2d 1122 (Tex.Civ.App.1938). We believe the following statement from the *Donovan* case, supra, is dispositive of appellants' "jurisdictional" challenge:

". . . the question presented is, has the state such an interest in the probate of the will or in the property of the estate of Colbert, deceased, as entitles it to contest the will? Subdivision 8 of section 1852 of the Civil Code provides, in substance, that, if an intestate leaves no heirs, his estate escheats to the state. Section 2329, supra, provides that any person interested may appear and contest a will. The grounds of opposition to the probate of the will offered by Woolbeater, if established, would result in its rejection, in which case, if there are heirs or another will, the property would descend to them, or pass by purchase to the devisees or legatees, provided they appear within the periods proscribed by statute. To show the state's interest, the attorney general alleged that Colbert died intestate, leaving no heirs within the state or elsewhere, to his knowledge. We think the state exhibited prima facie sufficient interest to enable it to institute a contest of the will. If there is no valid will, and no heir asserts his right of succession within the statutory period, the estate escheats. True, heirs may appear in due season. The state would then cease to have an interest in the property. The present interest of the state depends, therefore, upon a nonascertainment of heirs; but the interest, although contingent, is nevertheless a substantial one. The probability of an interest, or even an interest dependent upon a condition, is enough. . . . " 65 P. at 122.

We are not impressed with appellants' argument that the existence of heirs came to the attention of the trial court in the course of the trial thereby eliminating

the State as a "person interested". The testimony upon which they rely is equivocal at best and completely contrary to the bulk of the testimony, including that of appellant-husband, that no heirs existed. Furthermore, appellants overlook the fact that even if the State were to ultimately prevail in an escheat proceeding, an heir would not be foreclosed from asserting a claim. A.R.S. § 12–886, as amended. We hold only that the State had sufficient interest to contest the validity of the will propounded for probate and whether or not the State has a right to the decedent's property by escheat[1] must abide the outcome of future events.

As noted above, the jury found both that the testatrix lacked the requisite testamentary capacity and that the signature on the document offered for probate was not hers. The two expert witnesses for the contestants testified positively that the handwriting of the signature was not that of the decedent. The only expert witness for the proponent testified to the contrary. Of course, if the signature was not in the handwriting of the decedent, the will in question was a forgery. Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523 (1938). The proponent of the will also presented testimony of the "attesting witnesses". The jury, however, apparently had doubts as to the credibility of these witnesses and our examination of the record and the circumstances of the execution of the purported will, as recounted by these witnesses, would justify the triers of fact in disregarding their testimony. Furthermore, the attesting witnesses' testimony is not conclusive and where, as here, there was strong proof to show that the signature was a forgery probate of the purported will may be denied. In re Estate of Murray, 10 Ill.2d 230, 139 N.E.2d 721 (1957); In re Estate of Clark, 93 Cal. App.2d 110, 208 P.2d 737 (1949). In 4

Wigmore on Evidence, § 1302(3) (3d ed. 1940) it is stated:

"  . . .  [T]he testimony of the attesting witnesses is of course *not conclusive in favor of* execution even when all agree and when no personal impeachment is attempted.  . . .  [T]he unanimous testimony of the attesters may fail of credit even though the only opposing evidence is that of the alleged *maker's handwriting* as analyzed by *expert witnesses.* The circumstantial evidence afforded by the handwriting may in a given case be more convincing than the testimony of the attesters. This possibility is one of the results of the modern scientific study of handwriting."

Since there was sufficient competent evidence to support a finding that the will was a forgery, we do not interfere with the jury's resolution of that issue. Affirmance on this ground eliminates the need to discuss the issue of lack of testamentary capacity and an instruction relating thereto.

Appellees complain, on cross-appeal, as to the allowance of costs, contending that they should have been assessed against the proponent rather than being charged to the decedent's estate. In support of their position, they cite A.R.S. § 14–376, which provides in pertinent part:

"If the probate is revoked, the cost shall be paid by the party who resisted the revocation, or from the property of decedent, as the court may direct."

This statutory provision, however, applies to will contests after probate and we have previously held that there is no statutory rule as to will contests *before* probate, leaving the question of costs to the discretion of the probate court. In re Estate of Pitt, 1 Ariz.App. 533, 405 P.2d 471 (1965). As it is within the realm of the trial court's discretion to make costs payable out of the estate when probate

---

1. Both the Estate Tax Commissioner and the Attorney General are authorized by statute to institute investigations for discovery of property which may have escheated or would escheat to the state and to institute appropriate legal proceedings for recovery of escheat. A.R.S. § 12–888, as amended; A.R.S. § 41–193.

is refused, 95 C.J.S. Wills § 560b (1957), we defer to this discretion. Hurst v. Hurst, 1 Ariz.App. 227, 401 P.2d 232 (1965).

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.