## SPARKS *v.* DE LA GUERRA *et al.*

BILL filed by a judgment creditor of J. upon order of Court permitting it, against defendants as executors. Bill avers that the will of deceased " *directed*, by *written or oral instructions*," the executors to sell certain cattle, and retain the proceeds for the use and benefit of J. after first discharging his then debts. That it also declared that he, the testator, had made a secret assignment for J. which the executors would carry into effect according to his instructions, when convenient. Bill charges that defendants have not sold the cattle, but have converted them to their own use. *Held*, that a demurrer was properly sustained; that a pleading must be taken most strongly against the pleader, and that there is no law giving effect to an oral instruction of a testator, as a will, or part of a will; and that the creditor of J. can have no more rights than J. himself.

At most, J. is only a legatee, and the executors the Trustees of the legacy. And the bill, not stating that the estate is settled, nor that the property or the money is not necessary to pay off debts or expenses of administration, nor that J. would be entitled, before final settlement, to his legacy, without tendering a refunding bond, cannot be maintained.

APPEAL from the Second District.

*Eugene Liés,* for Appellant.

We are not obliged to wait until defendants' testator's estate be settled. The executors, but for the notice conveyed by this suit, could meanwhile pay into their legatees' hands the whole of his legacy, or other interest, without assuming any responsibility except towards creditors of their testator.

An attempt is made to shield certain property of our judgment debtor from the reach of our execution. We now commence an action to foil that attempt.

In California every effort has been made to amalgamate equity and law, as in the statute provisions under which this suit is brought. Besides, after providing exemption laws, it is the design of our Legislature that no other kind of property should remain beyond the reach of a judgment.

We do not at all assume that " an action at law would lie by a legatee." Nor is our right of action derivative in this case. Our positions are distinct. The legatee has a remedy. (Wood's Dig. 2339, etc.) By tendering a bond he can exact his bequest. We are debarred from this remedy, and we are pursuing the one which the law provides.

There is no attempt here to interfere with the jurisdiction of

the Probate Court. It has none in this matter, and we have no right to appeal to it.

If the question be raised whether a beneficial interest of the kind attempted in this case to be created be liable for the debts of the party for whose benefit it is instituted, we refer the Court to Kent's Commentaries, *passim*, and especially Vol. 4, p. 356.

*Halleck, Peachy & Billings,* and *Gregory Yale,* for Respondents.

1. There is no allegation in the complaint that Joaquin, the judgment debtor, is a legatee under José's will.

The references to the will in the complaint—the will not being exhibited—and the testimony of one of the executors before the referee, incorporated in the complaint, show that Joaquin was excluded by the testator from the benefits of the will. A secret assignment and oral instructions are referred to. But these are no part of a probated instrument.

If there was an assignment, it would amount to a gift, *inter vivos,* upon delivery of the instrument; and without delivery, either of the property included in it or the paper itself, the act would be a nullity.

2. The other aspect of the case is, that, admitting Joaquin to be a legatee, it is not alleged that the estate has been closed, and the executor's accounts finally settled, showing a balance which has been ordered to be distributed among the legatees.

Chapter 11 of the Act relating to the Settlement of Estates, regulates the distribution of estates and payment of legacies. (Belknap, 97.)

The payment of a legacy is qualified upon giving bonds, or absolute upon the settlement of the estate. In each case an order of Court is required, upon due application and notice. (Secs. 253, 258, 259.)

This case assumes that an action at law would lie by a legatee—for the creditor's right is derivative, or no greater—against the executor for the legacy. Such is not the common law rule. (1 Chit. Pl. 101. See, also, the American cases cited in Note 1 to that page.)

In New York and Pennsylvania an action is given by express statutes; and in some of the States, an action may be sustained upon an express promise, in consideration of assets. *Id.*

In addition to these objections, the point taken in the demurrer against the jurisdiction of the Court is also interposed.

No case has been decided by this Court tolerating such an interference with the probate jurisdiction. Neither the case of *Belloc* v. *Rogers*, (9 Cal. 123,) nor *Deck* v. *Gerke*, '(12 Cal.) intimates any rule of the unlimited character claimed here.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Upon the facts of this case we are of opinion that the judgment of the Court below should be affirmed. The facts are these : The plaintiff was the creditor of one Joaquin De la Guerra, and had obtained judgment and execution against him. , The complaint alleges that defendants, as executors and residuary legatees of José De la Guerra, held, or had, some property of Joaquin for his use and benefit; that the plaintiff, about the 1st of February, 1859, applied for and obtained an order from the District Court, directing the defendants, executors, as aforesaid, to appear before a referee named, and make disclosure touching the property in their hands belonging to the debtor of plaintiff; that the defendant, Pablo De la Guerra, appeared and answered that the same property was left by their testator to be given to Joaquin, if the executors saw fit; that there was no obligation, except a moral obligation, and that the time of their giving it to him, if they saw fit to give it him, was left to their discretion; the directions were given orally; that a memorandum was made of these directions, which the witness refused to produce. The Court, on the report of these facts by a referee, who took the examination of De la Guerra, made an order authorizing the plaintiff to institute an action against the said De la Guerra and the other executor, for the recovery of enough of the alleged property in their hands for the satisfaction of the judgment of the plaintiff.

The complaint goes on to state that the testator died previously to the date of the plaintiff's judgment, leaving a will, which was duly probated, and defendants qualified as executors under it; that the testator in the will ordered his executors to separate one thousand four hundred head of cattle, which were to be sold, and the proceeds disposed of according to the instruc-

tions he had previously given; "and further in the said will their testator declared that for his son, Joaquin, he had made a secret assignment, which his executors would carry into effect in accordance with his instructions, when it should be convenient."   *   * The complaint goes on to aver that the executors were instructed by their testator to dispose of the cattle, and to retain in their hands the proceeds thereof, or a part of the same, for the use and benefit of Joaquin, and they were specially *directed, by written or oral instructions,* in the disposition of the proceeds of said cattle, to discharge the then existing debts of Joaquin. The complaint concludes by averring that the defendants have not, in conformity with the written or oral instructions of the testator, separated the said one thousand four hundred head of cattle, from the stock of the cattle of their testator, but have converted them to their own use.

To this complaint there was a demurrer, upon the ground that the facts did not constitute a cause of action, and this demurrer was sustained. From this judgment the appeal is taken.

Waiving many other objections to this bill, this one is fatal. It cannot be contended that the creditor of Joaquin, intervening in this way, has any greater rights than Joaquin himself. The creditor, indeed, by this process, claims to be subrogated to his rights, and to stand in his place. This is not a creditor's bill, filed to reach legal or equitable rights of the debtor; but it is a proceeding instituted by the order of the Court, under the statute, to enable the creditor to recover property of his debtor, in order to pay his debt.

But the bill does not distinctly aver any rights of property whatever in the judgment debtor, or any legal trust for him on the part of the executors. It avers that the testator, either by oral or written directions, had made some provision for Joaquin. We must take the pleading most strongly against the pleader. We are not aware of any law which gives effect to the oral direction of a testator, as a will, or as any part of a will. It is true it is said in the bill that the testator had declared in the will that for his son Joaquin he had made a secret assignment, which his executors would carry into effect in accordance with his instructions, when it should be convenient, but what its effect, or how made or evidenced, or what rights it gave Joaquin in the property, does not appear.

But the conclusive answer to the whole case is, that, at the most, Joaquin could not be more than a legatee, upon the facts stated. The executors would only be Trustees for him for his legacy. The plaintiff can claim no greater rights in this proceeding than Joaquin himself, if he were the plaintiff; and Joaquin, on this bill, it is very evident, could not maintain the action. It does not appear that the estate is settled, or that the property or money, here claimed, is not necessary to pay off debts or expenses of administration. Nor that Joaquin would be entitled, until final settlement, to his legacy, without first tendering a refunding bond. (See Wood's Dig. Tit. Estates of Decedents, Secs. 250—253.)

Whether a judgment creditor, under some circumstances, might not file a bill to restrain the payment of a legacy until a settlement of the administration account, or be admitted to give the bond required of the legatee or distributee, it is not necessary to decide; for the present is not such a proceeding.

Judgment affirmed.