## SPARKS *v.* DE LA GUERRA *et als.*

WHERE a testator, in his will, provided that, "before any distribution be made, there shall be parted out from the neat stock which at my decease may be found, 1,400 head of large cattle, which shall be sold by my executors and their product shall be invested by them according to the instructions which I have given to them, of the fulfillment whereof they shall have to give account to God alone;" and: "I declare that, besides what has been already expressed, I made a secret bequest to my said son Joaquin, which my executors shall give him to understand, acccording to my instructions, when they may deem it convenient;" and the executors, in obedience to an order of Court, answered that the instructions given them were verbal, and to the effect that this clause of the will referred to a son of the testator; that they were to give these cattle to this son if and when they saw fit, and that the obligation so to do was merely moral: *Held*, that the son has no claim upon the estate which he or

his creditors can enforce; that it is a mere matter of conscience, and not a legal obligation.

APPEAL from the Second District.

This is substantially a continuation of the controversy in the case of *Sparks* v. *De la Guerra,* reported in 14 Cal. 108, and the facts may be there found in the opinion of the Court.  This suit was brought, in the language of counsel for plaintiff, " in obedience to an intimation thrown out at the end of the opinion in that case." The plaintiff, a judgment creditor of Joaquin De la Guerra, files this bill to restrain the defendants, executors of the last will of José De la Guerra, deceased, from paying to said Joaquin a bequest alleged by plaintiff to have been made by the testator in favor of said Joaquin, asking that they be directed to sell the cattle referred to, and out of the proceeds to pay plaintiff's claim against Joaquin. The bill offers to give bond of indemnity against the claims of other creditors of the estate of the testator.

The complaint in this case, besides making the averments made in the former case, annexes a copy and translation of the will of José, a copy of the proceedings before the referee appointed to take the answers of the executors touching their instructions, etc., and other matters not necessary to be stated. ·

The will gives to Joaquin De la Guerra, one of the sons of the deceased, a piece of land in Spain, on condition that he shall, within fifteen years, settle there.  This bequest, the complaint avers to be of trifling value.

The clauses of the will containing the disputed bequest to Joaquin are as follows :

" Paragraph 3d.  Before any distribution be made, there shall be parted out from the neat stock which at my decease may be found, fourteen hundred (1,400) head of large cattle, which shall be sold by my executors, and their product shall be invested by them according to the instructions which I have given to them, of the fulfillment whereof they shall have to give account to God alone." " Paragraph 5th. I declare that, besides what has been already expressed, I made a secret bequest to my said son Joaquin, which my executors shall give him to understand, according to my instructions, when they may deem it convenient."

Defendants demurred to the complaint, on the ground that the Court had no jurisdiction, and that the complaint did not state facts sufficient to constitute a cause of action.

Demurrer sustained on the second ground assigned, the Court holding that the will did not impose upon the executors any legal obligation to give Joaquin anything, and that, as he has no claim upon them, neither have his creditors. Plaintiff appeals.

*Eugene Lies*, for Appellant, cited 4 Kent, 340; 2 Leading Cases in Equity, Part 2, 334–355.

*H. W. Halleck*, for Respondents, argued that the decision in 14 Cal. 108, covered the present case.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We see nothing in the amended bill to withdraw this case from the principles of our former opinion, reported in 14 Cal. The alleged trust for Joaquin seems to be nothing more than an oral direction to apply the proceeds of certain cattle, if the executors think it best, to his benefit—they having full discretion as to the fact and the time of such application. We do not see how the creditors of Joaquin can enforce this claim, which seems to be a mere matter of conscience, and not of legal obligation.

Judgment affirmed.