[Sac. No. 1406.  In Bank.—October 9, 1905.]

STATE ex rel. Attorney-General, Petitioner, v. SUPERIOR
. COURT OF SACRAMENTO COUNTY, Respondent.

MANDAMUS—CONTEST BY STATE OF PROBATE OF WILL—INTEREST NOT
SHOWN.—*Mandamus* will not lie in behalf of the state to compel
the superior court to allow the state to appear and contest the
probate of a will, where the application made in the superior court
does not show that the state has a sufficient interest in the property
of the deceased to make it a proper party to the probate of the will.

ID.—PROPOSED STATEMENT OF CONTEST—LEGAL CONCLUSION—FACTS NOT
AVERRED.—Where the proposed statement of the contest which the
state offered to file merely states the legal conclusion that the state
is the only party entitled by law to the proceeds of the estate of
the decedent, but states no facts showing that he died without heirs,
or that they were·non-resident aliens, it fails to show any present or
future contingent interest in the property.

ID.—IMPROPER NOTICE OF CLAIM—GROUND STATED NOT AN AVERMENT.—
A mere notice by the state, addressed to the public administrator and
others claiming an interest, that the state claims the entire estate
of the decedent upon specified grounds, including the stated ground
that deceased ''died without leaving surviving him any heirs at law
or next of kin,'' has no proper place upon the files of the court.
Such stated ground of claim is not an allegation of fact that he left
no surviving heirs, and cannot be accepted as an averment of that
fact in lieu of such averment in the statement which the law requires
the contestant to file.

ID.—PRESUMPTION OF NEXT OF KIN—BURDEN OF PROOF.—It is a pre-
sumption of law that a person has next of kin who will succeed to
his estate upon his death, leaving no will; and the contrary, if relied
upon to establish a right, must be shown affirmatively.

ID.—REMOTE POSSIBILITIES NOT AN INTEREST.—The remote and con-
tingent possibility, or series of possibilities, that the title of the
surviving heirs, in whom, if the will is invalid, the decedent's prop-
erty has vested, and who are not aliens, will be forfeited by escheat,
if they do not claim the property within five years, and that none
of them may, within twenty years after proceedings to declare an
escheat, appear to claim the property, so as to make the state an
absolute owner, does not constitute an interest which will authorize
the state to contest the will.

APPLICATION in the Supreme Court for Mandamus to
the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and L. T. Hatfield, for Petitioner.

A. L. Shinn, R. L. Shinn, and Clinton L. White, for Respondent.

SHAW, J.—The state of California, by the attorney-general, by an original proceeding in this court, applies for a writ of mandate to compel the superior court of Sacramento County to allow the state of California to appear in said court as contestant in a proceeding therein pending for the probate of a document alleged to be the last will of one Fritz Miller, deceased. Section 1307 of the Code of Civil Procedure provides that in such a proceeding any person interested may appear and contest the will. It is a necessary condition to the right of any party to appear that such party shall have some interest in the estate which may be affected by the probate of the proposed will. Waiving for the purposes of the decision all other objections to the granting of the writ, we think it must be denied, for the reason that the application made to the superior court does not show that the state of California possesses an interest in the estate of Fritz Miller sufficient to make it a proper party to the proceeding for the probate of his will.

It was claimed on the argument that Fritz Miller died without heirs or next of kin, or that if he left any kin they were non-resident aliens, and that the state would have, in the former case, an immediate present interest in the property, as provided in section 670 of the Civil Code, or, in the latter case, a future contingent interest to become vested in the event that such aliens fail to appear and claim the property within five years, as provided in sections 672 and 1404 of the Civil Code, and that either interest is sufficient to give the right to maintain a contest of the will. In support of this position counsel cites *State* v. *District Court,* 25 Mont. 355, [65 Pac. 120], which appears to be precisely in point. The proposition may be conceded, but the facts upon which it rests are not shown to exist by any proper pleading or averment. The proposed statement of contest which the state presented to the superior court and offered to file contains no allegation on the subject. It merely states the legal con-

clusion that under the will executed under date of February 13, 1905, the state of California is the only party entitled by law to the proceeds of the estate. The petition for the probate of the will, which was filed by the public administrator, states that ''the deceased had no heirs residing in the state of California.'' It does not aver that there were no heirs residing elsewhere, nor that the heirs, or any of them, were aliens. The only document which the petitioner here offered to file in the superior court, containing any statement of fact on the subject, was a paper entitled in the said superior court and in the estate of Fritz Miller, deceased, signed by the attorney-general and by L. T. Hatfield, attorney, addressed to the public administrator and others claiming an interest, purporting to be a notice that the state of California claims the entire estate upon certain stated grounds, among which was the statement that Fritz Miller ''died without leaving surviving him any heirs at law or next of kin.'' This document had no proper place in the files of the case, is not a pleading recognized by law, and cannot be accepted in lieu of an allegation that should have been contained in the statement of contest, or ''written grounds of opposition to the probate,'' which the law requires the contestant to file. Furthermore, a notice that the state claims the property, on the ground that the deceased left no surviving heirs, is not an allegation of the fact that he left no surviving heirs. It is a presumption of law that a person has next of kin who will succeed to his estate upon his death leaving no will. *(People* v. *Roach,* 76 Cal. 297, [18 Pac. 407].) The contrary, if it is relied on to establish a right, must be shown affirmatively.

Upon this condition of the record the only ground upon which the state can claim that it has an interest sufficient to authorize it to maintain the contest is, that, although the deceased did leave surviving heirs in whom, if the will is invalid, the title to his property has vested, and who are not aliens whose title will be forfeited by escheat if they do not claim the property within five years, yet that there is a possibility that all the heirs, or some one of them, may fail to appear and claim the property, that thereupon proceedings may be instituted under section 1269 of the Code of Civil Procedure to declare an escheat, and that no heir entitled may then, or within twenty years after judgment therein, appear to claim

the property or its proceeds, and thereupon the state may take as absolute owner. (Code Civ. Proc., secs. 1271, 1272.) We do not think this remote and contingent possibility, or series of successive possibilities, constitutes an interest which will authorize the party, having nothing more substantial, to maintain a contest of a will.

The petition is denied and the proceeding dismissed.

Angellotti, J., Van Dyke, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.