[Civ. No. 5828.   Third Appellate District.—July 12, 1937.]

V. E. THORNTON, Respondent, v. MIDDLETOWN EDU-
CATIONAL CORPORATION (a Corporation) et al.,
Appellants.

H. L. Preston and J. A. Ratchford for Appellants.

Burt W. Busch for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action brought to quiet title to a tract of land described in the complaint. From this judgment the defendants appeal.

The action is based upon a reversionary clause contained in a deed executed and delivered by Edward P. Moulton and Zada D. Moulton, to the Middletown Educational Corporation, on or about the 1st day of August, 1932. The reversionary clause in the deed is in the following words:

"It is agreed by and between all of the parties herein that this grant of land is for the express purpose of a building site for a Military Academy and in the event that buildings of said Military Academy are not constructed at a cost of Fifty Thousand Dollars or more, and completed within fifteen months from date of this grant, and operated as a Military Academy, that said land above described and all buildings and appurtenances thereon shall revert and become the property of the grantor therein, Edward P. Moulton, without due process of law."

Preliminarily, it may be stated that no contention appears to be made that the Middletown Educational Corporation has complied with the conditions set forth in the deed, the whole contention of appellants being based simply upon technical objections.

The points urged for reversal are:

1st. That the language in the deed, "without due process of law", estops any action based upon the reversionary clause;

2d. That the original grantors waived the right to enforce the condition subsequent;

3d. That the action brought by respondent is barred by laches;

4th. That the respondent does not come before the court with clean hands;

5th. That equity will not enforce a condition subsequent;

6th. That the quitclaim deed given by Moulton and wife, dated March 2, 1935, was not sufficient to transfer the right to enforce a reconveyance or conversion of the real property on account of the breach of the condition subsequent;

7th. That respondent did not have legal title to the property, and therefore could not maintain the action.

None of the points urged for reversal appear to be well taken. The argument that the words, "without due process of law" prevent the prosecution of this action, is based upon a misconception of what those words mean. As we read them, the words are intended to mean, and *do* mean, that upon breach of condition subsequent the grantee in the deed will immediately convey the same without the necessity on the part of a grantor to maintain an action to compel reconveyance. Those words certainly do not amount to a waiver of a right of action. The interpretation contended for by the appellants overlooks the fact that there appears to be no consideration for any waiver, and therefore would not in any event bar the right of action.

It appears that prior to the beginning of this action Edward P. Moulton and Zada B. Moulton, by a quitclaim deed, conveyed the property described in the complaint to the plaintiff in this action. Upon argument of this cause it was contended that a quitclaim deed was insufficient to convey the interest of the Moultons to the plaintiff. This contention, however, is not supported by any California cases. A few words from 9 California Jurisprudence, page 99, section 6, expresses the law of this state as to the sufficiency of a quitclaim deed to convey all the right, title and interest of the grantor, to wit: "A quitclaim deed is closely related to a simple release, but has come to be recognized as a distinct form of conveyance, and operates like any other deed to the extent of transferring whatever title or interest the grantor has."

In the case of *Wood* v. *Henley*, 88 Cal. App. 441 [263 Pac. 870], this court upheld an action to quiet title based upon a quitclaim deed. The rule above stated is so general that we cite no further authorities.

Section 1046 of the Civil Code reads: "A right of reentry or of possession for breach of condition subsequent can be

transferred." This section of the code has been upheld in a number of decisions, but as the language of the code is clear and explicit, it seems that citation of cases is unnecessary.

That a right to reconveyance of property upon breach of condition subsequent is a legal interest in real property called a contingent interest, is supported in the case of *Los Angeles & Arizona Land Co.* v. *Marr*, 187 Cal. 126 [200 Pac. 1051], and also in the case of *Johnston* v. *City of Los Angeles*, 176 Cal. 479 [168 Pac. 1047]. It may be here stated that in both of said actions the right to enforce reconveyance was upheld in an action to quiet title. A breach of condition subsequent was involved in each case.

The argument is also advanced that as the plaintiff was not in possession at the time of the beginning of the action, a suit in the nature of an action to quiet title could not be maintained. This contention overlooks the fact that section 738 of the Code of Civil Procedure has completely changed the law with respect to the necessity of the plaintiff being in possession in order to maintain such an action. The section says nothing about the necessity of possession, but in the first cause specifically provides as follows: "An action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim."

In *Wood* v. *Henley, supra,* this court had before it an action to quiet title where the plaintiff was out of possession, and in deciding the case and upholding the right of the plaintiff to maintain the action, used the following language: "It will not, of course, be denied that a party out of possession of land may maintain an action to quiet title to such land under section 738 of the Code of Civil Procedure." (Citing a number of cases.)

To the same effect is the case of *Cassin* v. *Nicholson*, 154 Cal. 497 [98 Pac. 190]; *Doe* v. *Waterloo Min. Co.*, 43 Fed. 219. Other cases might be cited, but there is no exception to the rule since the amendment to section 738, *supra*, that a party out of possession may maintain an action to quiet title.

That an action to quiet title, based upon the breach of a condition subsequent, may be maintained, is supported by the cases of *Liebrand* v. *Otto*, 56 Cal. 242, *Johnston* v. *City of Los Angeles, supra,* and *Firth* v. *Los Angeles Pac. Land Co.*, 28 Cal. 399 [152 Pac. 935].

■ That the action is barred by laches, and that the respondent does not come before the court with clean hands, is not shown by the record to be supported upon any tenable grounds. There is no showing whatever that the defendants, or any of them, have been prejudicied by any delay in enforcing the reversionary provisions of the deed granting the lands in controversy to the Middletown Educational Corporation. There being no change affecting the legal rights of the parties, the plea of laches has no foundation. In order that such plea may be maintained it is necessary that the record show a financial loss which has been occasioned by the lapse of time. The lapse of time in this case, alone, is not sufficient to bar the action.

The defendants not having been prejudiced in any particular by failure of either the grantors or of the plaintiff to institute this action earlier, the plea of laches, we may state again, has no foundation. We find nothing in the record indicating that the plaintiff has come into this action with other than clean hands.

While other authorities might be cited in support of what we have heretofore set forth, we deem the foregoing sufficient for the decision of this cause.

The judgment is affirmed.

Pullen, P. J., concurred.