[Civ. No. 10648. First Appellate District, Division Two.—January 27, 1938.]

In the Matter of the Estate of ANDREW A. BROWN, Deceased. WALLACE BROWN, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, as Administrator, etc., et al., Respondents.

Weinmann, Quayle & Berry and George Olshausen for Appellant.

tum Suden & tum Suden and Richard tum Suden for Respondents.

SPENCE, J.—Prior to final distribution of the above-entitled estate, Wallace Brown, the appellant herein, attained the age of 21 years and made a motion, under section 931 of

the Probate Code, to reopen and examine several accounts of the executor which had been filed and settled while appellant was a minor. Said motion was accompanied by specific written exceptions to each of said accounts. The court below summarily denied said motion without a hearing on the merits of said exceptions. This appeal is taken from the order denying said motion.

The issue on this appeal is narrowed to one question for it is conceded by respondents that in denying the motion the court below "considered only the question of whether or not appellant had such an interest as entitled him to be heard". Appellant contends that he had such an interest and, in our opinion, this contention must be sustained.

It appears unnecessary to set forth the terms of the will. Appellant was named in the will and for the purpose of this discussion we may accept respondents' description of the nature of appellant's interest created by said will. Respondents state, "It is thus clear that Wallace Brown had and has only a future contingent *interest* in the estate of Andrew A. Brown." (Italics ours.)

Section 927 of the Probate Code provides in part, "Any person interested in the estate may appear and file written exceptions to the account, and contest the same". Section 931 of the same code provides, "The order settling and allowing the account, when it becomes final, is conclusive against all persons interested in the estate, saving, however, to persons under legal disability, the right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator or his sureties, at any time before final distribution; and in any such action such order is *prima facie* evidence of the correctness of the account."

No question is raised concerning the sufficiency of the moving papers to show that appellant was a minor and under legal disability when the several accounts were settled and no question is raised concerning the sufficiency of the cause shown for reopening and examining said accounts as contained in appellant's written exceptions. The sole question is therefore, whether one admittedly having a "contingent future interest" in an estate is a person interested in the estate within the meaning of said code sections. In our opinion, this question must be answered in the affirmative.

The word "interest", in its ordinary, accepted meaning, embraces both a vested and a contingent interest and the word "interested" is defined as "having an interest; having a share or concern in some project or affair; involved; liable to be affected or prejudiced; . . . not disinterested . . . " (Webster's New International Dictionary, 2d ed.). We find nothing in said sections to indicate, as contended by respondents, that they were intended to apply only to a person having a vested interest in the estate. On the contrary, the language used therein appears to be sufficiently broad to include within its scope any person named as a beneficiary in the will of the deceased.

Our attention has not been called to any authority directly in point but the language used in *Garwood* v. *Garwood*, 29 Cal. 514, 515, supports the view expressed above. The statute considered in that case read " . . . any person interested in the estate may appear and file exceptions in writing to the account and contest the same". In discussing said section, the court said at page 520 " . . . any doubt as to the question of interest ought to be resolved in favor of the petitioner; and however remote or contingent his interest may be, or, in other words, if he has the appearance of an interest, his right to contest ought not to be denied".

We therefore conclude that appellant was a person interested in the estate within the meaning of said sections and that the court below erred in summarily denying his motion without a hearing upon the merits of his exceptions to the executor's accounts.

The order is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1938.