[Civ. No. 2969. Fourth Dist. Jan. 9, 1942.]

Estate of MAURICE D. KATZ, Deceased. EDWARD NEWMAN, Appellant, v. ZARA KATZ et al., Respondents.

Samuel M. Samter and Harry H. Parsons for Appellant.

John A. Hadaller and Martin J. Coughlin for Respondents.

BARNARD, P. J.—This is an appeal from an order dismissing with prejudice a contest to the probate of a will.

A petition for the probate of the purported last will of Maurice D. Katz, deceased, was filed on March 29, 1941. Before said will was admitted to probate a contest was filed by this appellant, a grandson of the deceased, to which an answer was filed by all of the respondents. Before these matters came on for hearing and on June 2, 1941, this appellant filed a dismissal of his contest "without prejudice." The next day, on motion of the respondents, the court entered an order dismissing "with prejudice" the contest which had been filed by this appellant and which he had already dismissed. The court's order recited that the appellant had already dismissed the contest without prejudice but that he had "failed to make any showing of any kind to this court why the said contest should not be dismissed with prejudice." This appeal was taken from that order. The respondents have moved to dismiss the appeal and the matter has been submitted both upon that motion and upon the merits.

The appellant's voluntary dismissal of his contest did not bar him from filing another contest and his use of the words "without prejudice" was surplusage and unnecessary since it was without prejudice as a matter of law. (*Estate of Cook*, 205 Cal. 581 [271 Pac. 1083].) In that case the court said: "It is clear, according to the authorities cited, that the voluntary dismissal by contestants of their first contest did not bar them from instituting the second contest. The court, therefore, had no authority to dismiss the second contest on the ground that the contestants named therein had joined with the other heirs of the testator in dismissing the prior contest." If the court had no power to dismiss a subsequent contest after a first contest had been dismissed it follows that it had no power to enter an order which, if upheld, would have the effect of preventing a contestant from filing a second contest. Moreover, the contest having been dismissed by the appellant before the court entered the order appealed from there was nothing before the court upon which that order could be based. It would appear, therefore, that the order was not only erroneous but void.

In support of their motion to dismiss the appeal the respondents contend that the order in question is not an appealable order since it does not come within any of the provisions of section 1240 of the Probate Code. It appears from the record that the appellant would be an heir of the deceased if he succeeded in upsetting the will through a contest. If

the order dismissing his contest with prejudice is allowed to stand and becomes final its probable effect would be to prevent the prosecution of any other contest by the appellant. The order would then have the effect of determining adversely to this appellant his claim that he is one of the persons to whom distribution should be made. Insofar as the appellant is concerned, the order determines this issue against him and seems to come within the provision of section 1240 of the Probate Code which makes appealable an order "determining . . . the persons to whom distribution should be made." A further consideration is that section 1240 of the Probate Code must be taken in connection with section 963 of the Code of Civil Procedure in measuring the right of appeal in probate matters. (*Estate of Olmstead,* 216 Cal. 585 [15 Pac. (2d) 495].) The order having been made with prejudice as to the filing of a further contest it is a final judgment with respect to the rights of the appellant, and if it is not appealable under section 1240 of the Probate Code it should be held that it is a final judgment in a special proceeding within the meaning of section 963 of the Code of Civil Procedure.

 The respondents further argue that any question involved in this appeal is moot because, as they allege in an affidavit, this appellant on November 29, 1941, filed a petition in the superior court praying that the probate of the last will and testament of Maurice D. Katz, deceased, be revoked, which petition is still pending. If the order here appealed from is allowed to stand and to become final it could and probably would be urged against this appellant and his right to appear and contest the will and seek a revocation of the order admitting it to probate. In our opinion, the question here presented is not moot.

For the reasons given, the motion to dismiss the appeal is denied and the order appealed from is reversed.

Marks, J., and Griffin, J., concurred.