[S. F. No. 18116. In Bank. Dec. 27, 1951.]

Estate of KAZAR HAROOTENIAN, Deceased. GEORGE HAROOTENIAN, as Executor, etc., Proponent and Respondent, v. SYBLE JANIGAN et al., Contestants and Respondents; JEAN HAROOTENIAN, Intervener and Appellant.

Philander Brooks Beadle and Morton L. Silvers for Intervener and Appellant.

Leon A. Blum, David E. Peckinpah and L. N. Barber for Respondents.

SHENK, J.— This is an appeal from a judgment of dismissal after an order sustaining a demurrer to and an order granting a motion to dismiss an amended complaint in intervention in a will contest. The judgment followed the final order in proceedings to revoke the probate of the will and is appealable. (Prob. Code, § 1240; Code Civ. Proc., § 963; *Estate of Baker,* 170 Cal. 578, 583 [150 P. 989]; *Estate of Katz,* 49 Cal.App.2d 82 [120 P.2d 896].)

The record shows the following: Kazar Harootenian, a widower, died on March 3, 1947. A brief instrument designated as his last will and testament was dated February 27, 1947. It mentioned his four adult children, George, Samuel, Agnes and Syble. They survived the decedent. The decedent bequeathed $1,500 to the son Samuel, all the rest of his estate to the daughter Agnes, and expressly disinherited George and Syble. George was named executor without bond and with power to dispose of the property without order

of court. Some illegible marks or writing appeared with the decedent's name at the end of the will followed by an attestation clause subscribed by two witnesses.

On March 24, 1947, George filed a petition for probate of the will and for letters testamentary. On April 5th Samuel and Syble filed a contest resisting the probate of the will on the grounds that the instrument was not signed by the decedent but by another; that the formalities of execution were not complied with; that the decedent was then suffering from a broken spine, fractures and contusions, was confined to bed in a hospital, was physically helpless, feeble and infirm in mind and body, and was not of sound and disposing mind; that the attempted signing of the instrument was not his free and voluntary act but was procured by the undue influence of George and Agnes with the intent to obtain the greater part of the estate for themselves. George and Agnes filed an answer to the contest admitting the alleged physical condition of the decedent but denied other allegations. On May 9, 1947, the contest was withdrawn and dismissed with prejudice pursuant to a stipulation and agreement among all the heirs. Thereby Samuel remitted the bequest which became a part of the residue. Agnes as residuary legatee agreed to the distribution to Samuel and Syble jointly of a one-half interest in the Harootenian ranch property in Fresno County, or one half the proceeds of the sale thereof, and all agreed that the ranch be sold as soon as possible. Assets of the estate were listed as the ranch property, an apartment house in San Mateo County, a bank account of approximately $8,600, furniture and personal belongings. Property thereafter discovered was to be divided one half jointly to Samuel and Syble, the other half to Agnes. The attorneys acting for Samuel and Syble were nominated to act for George in the sale of the ranch.

Upon the filing of the agreement and on May 12, 1947, the court admitted the will to probate and appointed George as executor. On November 19, 1947, George tendered his resignation dated in Nevada because of his removal to that state, and Agnes and Syble were appointed administratices with the will annexed.

Within the six months' limitation period of section 380 of the Probate Code, and on November 10, 1947, Haig Harootenian, minor son of George and Jean Harootenian, through the latter as his guardian *ad litem,* filed a contest of the will and a petition to revoke probate. The contestant alleged that he

was a legatee under a prior valid will of the decedent, that the prior will was left in the possession and custody of George and Agnes who concealed the instrument, that the will admitted to probate was not the will of the decedent, was not executed in accordance with the required formalities, and was otherwise invalid on the same grounds as alleged in the contest of Samuel and Syble. George, Agnes, Samuel and Syble filed an answer containing denials of all allegations with the exception that they admitted the relationship and that at the time of the execution of the probated will the decedent was suffering from a broken spine, fractures and contusions and was confined to bed in a hospital.

On March 28, 1949, by leave of court, a complaint in intervention on the same grounds of contest was filed by Jean Harootenian as a judgment creditor of George. On April 5, 1949, the trial commenced. At the close of the contestant Haig's evidence as to the existence of the alleged prior concealed will, the proponents moved to dismiss on the ground that the evidence was insufficient to support Haig's claim of interest, namely, that there was a prior will in which he was named as legatee. The motion to dismiss Haig's contest was granted and the order thereon entered on April 16, 1949.

The amended complaint in intervention was filed by leave of court on August 8, 1949. Proponents filed a demurrer thereto and moved for dismissal on the grounds that there was not pending a contest in which the contestant could intervene and that the intervention was barred by the time limitation of section 380 of the Probate Code. As first indicated herein the trial court sustained the demurrer, granted the motion, and dismissed the proceedings in intervention.

The first question is whether the complaint in intervention was filed within the six months' limitation of section 380 of the Probate Code. There is no question as to the timely filing of the contest initiated by Haig as an alleged legatee under a prior will. Nor may it be questioned that the allegations of Haig's petition showed him to be an interested person who may contest the validity of the will. The pleadings filed by him alleged a prima facie cause entitling him to contest the probated will as a legatee under a prior will. (*Estate of Land,* 166 Cal. 538 [137 P. 246]; *Estate of Plaut,* 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837].) It is the settled law of this state that an interested person may intervene on the same grounds of contest at any time

before the trial of a pending proceeding to revoke probate of the will initiated by another interested person. A will contest is in the nature of a proceeding in rem. ▆ It is immaterial that the intervention in a pending timely contest occurs after the lapse of the limited period, and the party's voluntary dismissal of the pending contest will not affect the right of the intervener to a trial on the issues raised by him. (Code Civ. Proc., § 387; Prob. Code, § 1233; *Voyce* v. *Superior Court*, 20 Cal.2d 479 [127 P.2d 536]; *Estate of Butzow*, 21 Cal.App.2d 96 [68 P.2d 374].) The proponents do not seriously question these principles, but contend that they are inapplicable because on the trial Haig was unable to produce sufficient evidence of the existence of the alleged prior will and his contest was dismissed for failure to prove his interest. Thus the dismissal was not a voluntary dismissal by the party but was a dismissal by the court after trial on the merits of the preliminary issue. A voluntary dismissal by a party will not be permitted to defeat the statutory right of intervention by preventing trial on the grounds of the contest. But to give the claimed effect to the court's judgment of dismissal would likewise nullify the statutory right. That right inheres at any time before trial. An intervention which is timely and proper before trial cannot be defeated after trial by the finding on an issue which does not dispose of the merits of the issues tendered by the intervener. If the contestant by a voluntary dismissal may not defeat the intervener's right to a trial of the cause, there is likewise no reason why a dismissal entered by the court should have that adverse effect, and the proponents present no case in point so declaring. In the only case relied on the noninterest of the original contestant was shown on the face of the pleadings. (See *Russell* v. *Nelson*, 317 Mo. 148 [295 S.W. 118].) That case is distinguishable for that reason. The policy underlying the rule that the dismissal of the cause as to one party will not affect the rights of a party not yet heard is that which permits all persons entitled to a hearing to have their day in court. True the court does not have jurisdiction to entertain a proceeding to revoke probate which is barred by the time limitation, and will be restrained from exercising jurisdiction in such a case. (*Estate of Smith*, 214 Cal. 50 [3 P.2d 921]; *Scott* v. *Superior Court*, 125 Cal. App. 513, 516 [14 P.2d 99].) ▆ But that is not to say that when jurisdiction once attaches the court may be halted before all parties are heard because pursuant to its discretion

relating to the order of proof (*cf. Estate of Land*, 166 Cal. 538, 540 [137 P. 246]), the original contestant's evidence on the issue of his interest was deemed insufficient. The court did not lose jurisdiction of the entire contest and other parties by the dismissal of one, the original contestant, on a partial trial. The contest was unadjudicated at the time the intervention was filed and the court had jurisdiction to try all of the issues of the contest on behalf of all the parties before it, in whatever order of proof it might specify. That jurisdiction continued until the entire controversy was finally disposed of as to all of the contestants. It follows that the judgment of dismissal of the complaint in intervention is insupportable on the ground of the alleged bar of section 380 of the Probate Code.

The pleadings disclose that the plea of laches interposed by demurrer and motion is also unavailing. Nothing is thus shown by which the rights of the proponents could be prejudiced on account of the delay in filing the complaint in intervention. The lapse of time alone is not sufficient to support the plea. No change affecting the legal rights of the parties nor any financial loss is indicated. No circumstances or facts are alleged which would sustain the judgment of dismissal on that ground. (*Cahill* v. *Superior Court*, 145 Cal. 42, 47 [78 P. 467] ; *Thornton* v. *Middletown Educational Corp.*, 21 Cal.App.2d 707, 711 [70 P.2d 234].) The intervener is therefore entitled to a trial on the merits of the contest if she is an interested person who may contest the will.

It is also alleged that prior to the events hereinabove related, George and Jean, the parents of Haig, had been separated, that the wife had been awarded support by court decree, and that on January 27, 1947, which was prior to the death of George's father, Jean obtained a judgment against George for unpaid support. An execution which issued in March, 1949, indicated that there was then due on the judgment $8,668.82.

Section 370 of the Probate Code provides that before probate "any person interested" may contest the will. Section 380 provides that "any interested person" other than a party to a contest before probate and a person who had actual notice of such previous contest in time to have joined therein, may contest the will at any time within six months after probate. The proponents do not contend that the order on the demurrer or on the motion to dismiss is supported on the ground that the intervener had actual notice of or oppor-

tunity to participate in the short-lived contest before probate. The question then is whether a judgment creditor of a disinherited heir of the decedent is a person interested within the meaning of the sections. That question does not appear to have been directly involved in previous cases in this state.

It has been declared as settled that an interested person is one who has an interest of a pecuniary nature which may be impaired or defeated by the probate of the will or benefited by setting it aside. (*Estate of Plaut, supra,* 27 Cal. 2d 424, 425-426.) The interest is not necessarily confined to that of an heir who would take by succession if the will be set aside. In *Estate of Plaut* and in *Estate of Land* (*supra,* 166 Cal. 538), it was recognized that a legatee under a prior will, not an heir, was a person who might be benefited by setting aside the will. Nor is it necessary that the impairment or benefit be established as a certainty. A prima facie showing of an interest is enough. (*Estate of Plaut, supra,* 27 Cal.2d at pp. 427-428.) However, a remote possibility of escheat is insufficient to support a claim of interest by the state. (*State v. Superior Court,* 148 Cal. 55 [82 P. 672, 2 L.R.A.N.S. 643].) Nor is a debtor of the estate a person whose pecuniary interest would be affected by the probate of the will. (*Estate of Bily,* 96 Cal.App.2d 333 [215 P.2d 78, 15 A.L.R.2d 861].)

In *Sparks* v. *De la Guerra,* 14 Cal. 108, 18 Cal. 676, the plaintiff, a judgment creditor of an heir, by actions against the executors, unsuccessfully attempted to reach the assets of an alleged secret trust created in the executors for the benefit of the heir. The cases did not involve a contest of the will.

In *San Diego Trust etc. Bank* v. *Heustis,* 121 Cal.App. 675 [10 P.2d 158], the testatrix created a spendthrift trust for her son, obviously to protect him from a judgment held by his wife. Execution issued and was levied on the assets in possession of the executor-trustee. The latter filed an action for declaratory relief to determine whether the wife could satisfy the judgment from the trust property. By answer filed more than six months after probate the wife sought to attack the will as invalid on various grounds. On her appeal from an adverse judgment on the pleadings it was correctly determined that the answer as an attack on the validity of the will was too late. The court also stated that since the wife was not an heir of the deceased nor a legatee under the will, she was a mere stranger, not entitled to notice of the probate

proceedings, and therefore not an interested person, citing *State* v. *Superior Court, supra* (148 Cal. 55). The question of the pecuniary interest of a judgment creditor of the heir was not considered.

Authorities with little conflict agree that a general creditor of a disinherited heir has not sufficient interest to contest the will; that there must have been created some right or interest in the creditor which will attach to the property on devolution to the heir if the will be invalid. The authorities are divided as to whether a judgment creditor of the heir has such an interest. None questions that a parent has the right to make a valid will disinheriting a child. But if through fraud or undue influence or other circumstance the will is not the product of the mind of the putative testator. or is not a validly executed will a judgment lien creditor of the disinherited heir is in the majority of the cases held to be a person who has a pecuniary interest which will be impaired by admitting the instrument to probate or be benefited by setting aside the probate thereof.

In *Bloor* v. *Platt* (1908), 78 Ohio St. 46 [84 N.E. 604, 14 Ann.Cas. 332], it was stated that a lien creditor could not with justice or reason be denied his day in court to prove that a paper purporting to be a will and obviously designed to defeat creditors of the heir is not in fact a valid testament. It was held that ''any interested person'' meant interested persons in addition to devisees, legatees, heirs, executors and administrators, and included any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the estate as would be impaired or defeated by the probate of the will or be benefited by setting it aside, and that a judgment creditor was such a person. That and other cases establish the distinction between the right of contest of a general creditor of an heir who has no vested right, claim or interest to be defeated or established by the probate or rejection of the will, and the right of a judgment lien creditor who generally is entitled to assail or defend against anything that may divest his lien. Although the lien creditor has no interest in the estate of the decedent as such, his lien attaches the moment title is vested in the heir by descent. It is not interest in the estate as such which determines his right. It is his interest in the devolution of the estate which establishes the right of contest. In *In re Duffy's Estate* (1940), 228 Iowa 426 [292 N.W. 165, 167, 128 A.L.R. 943], it was pointed out that if the common law still prevailed, in

ejectment a lien creditor could defeat a title under an invalid will; and that there should exist no good reason why he could not do so under the statutory proceeding. After reviewing numerous conflicting cases the court held the lien creditor to be a person interested in accord with what was deemed the weight of authority. The common law method of contest available to a judgment creditor of an heir was also noted in *Watson* v. *Alderson,* 146 Mo. 333 [48 S.W. 478, 69 Am.St. Rep. 615], where it was held that a lien creditor of the heir was entitled to contest a will disinheriting the heir since there was no difference in principle between the right of the heir and that of his judgment creditor. In *Smith* v. *Bradstreet* (1833), 16 Pick. (Mass.) 264, it was also said that the interests of the heir and his judgment creditor in the probate of the will were identical. As observed in *In re Van Doren's Estate* (1935), 119 N.J.Eq. 80 [180 A. 841], obviously it could not be said that a judgment creditor of an heir would not be injured by the probate of an invalid will disinheriting the heir.

In 68 Corpus Juris 906, the general rule with citation of cases is stated as above, viz: that the creditor of the heir has not such an interest as will entitle him to contest the will except where he is an attachment or judgment creditor whose lien will attach when title vests in the heir. In 57 American Jurisprudence, p. 551, it is stated that the well-considered cases hold that a judgment creditor of an heir has a sufficient interest to contest a will under which the heir is to take nothing, if the judgment lien would attach on the property's passing under the laws of succession. (See, also, cases collected in notes 46 A.L.R. 1490 and 128 A.L.R. 963.)

It follows from the foregoing authorities and the statutes giving "any interested person" the right of contest, that a judgment creditor who has perfected a lien at the time the property would devolve to the heir if the will be set aside is an interested person who may contest the will.

The record on this appeal shows that if the will be held invalid there is real property, title to which would pass by devolution under the laws of succession. A judgment lien may be established on the real property of a judgment debtor by filing an abstract of the judgment or decree "with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterwards and

before the lien expires, acquire." (Code Civ. Proc., § 674.) Under the laws of succession the title to real property devolves on the heirs at law as of the time of the death of the decedent. (Prob. Code, § 300.) The contestant alleged generally that she was a judgment creditor of the disinherited heir at the time of the death of the decedent. The motion to dismiss was made on the grounds that there was no contest pending in which the contestant could intervene and that the complaint in intervention was filed too late. That motion was granted. The dismissal on the stated grounds foreclosed the request for permission to allege by amendment additional facts relating to the specific lien required to bring the contestant within the class declared to be interested persons who might contest the will. The absence of such request is deemed not to affect the proper judgment of this court based on the conclusion that the trial court erred in dismissing the complaint in intervention. The cause should be reinstated with an opportunity to the plaintiff by amendment to bring herself, if she can do so, within the class of judgment lien creditors entitled to contest a will disinheriting a judgment debtor.

The judgment is reversed with directions to the trial court to proceed in accordance with the views herein expressed.

Schauer, J., concurred.

CARTER, J.—I concur in the judgment of reversal but do not agree with the reasoning in the majority opinion that the right of a creditor of an heir to contest a will is limited to a judgment creditor whose judgment may be a lien upon real property which would descend to the heir in case the will is set aside.

The question of whether a creditor of an heir may contest a will of the testator was settled recently by this court in *Estate of Kalt*, 16 Cal.2d 807 [108 P.2d 401, 133 A.L.R. 1424], a case which is not mentioned in the majority opinion. There we were considering whether the creditor of a legatee under a will could prevent the renunciation of the legacy by the legatee. We held he could and in so doing held that the case was analogous to a contest of a will by a creditor of an heir, stating (p. 814): "A creditor *who is legally entitled to set aside a fraudulent conveyance may exercise the debtor's right to contest a will even though the debtor himself does not wish to do so. (Brooks v. Paine, 123 Ky. 271 [90 S.W. 600]; In re Langevin's Will, 45 Minn. 429 [47 N.W. 1133]; Bloor v.*

*Platt,* 78 Ohio St. 46 [84 N.E. 605, 14 Ann.Cas. 332].) If the creditor contested the will successfully it would be ironic to leave the debtor free to renounce the ensuing benefits. A debtor may be compelled not only to retain his property for the benefit of his creditors, but to dispose of it for the same purpose. There is a like obligation upon him of which he may acquit himself without hardship, to avail himself of a bequest. The denial to the debtor of the right to renounce as against his creditors in fact benefits his own economic interests as well as those of his creditors." (Italics added.) It will be noted in the foregoing that a creditor who is legally entitled to set aside a fraudulent conveyance may contest a will. In the forepart of the opinion it is stated that under the Uniform Fraudulent Conveyance Act (Civ. Code, §§ 3439-3440.5) the creditor who may set aside a fraudulent transfer *need not* be a judgment creditor *nor have* a lien. It follows, therefore, that, contrary to the majority opinion, a general creditor may contest a will. Furthermore, it will be noted that the Kalt case cites *Brooks* v. *Paine,* 123 Ky. 271 [90 S.W. 600], for its statement to this effect. It was there held that a general creditor of an heir may contest a will which disinherits the heir.

I can see no justification for requiring that the judgment creditor of an heir must have a lien on real property before he can contest the will, thus placing personal property beyond his reach. There may be policy reasons for requiring that the creditor have a judgment, such as, that the probate court is an inappropriate forum to litigate the question of whether the creditor is in fact such, and the heir, his alleged debtor, is not a party to the contest proceeding. There is no reason, however, for the lien requirement. The lien is tenuous at the best as it may be wiped out if the property is sold during probate.

Finally, the holding by the majority can be made meaningless by simple action by the creditor. The right to contest a will being a chose in action, is transferable. (*Estate of Baker,* 170 Cal. 578, 586 [150 P. 989]; *Estate of Clark,* 94 Cal.App. 453 [271 P. 542].) It would appear, therefore, that a creditor may commence an action against the heir and attach his right to contest the will (Code Civ. Proc., § 542[b]) which would be substantially the same as a lien.

I would therefore hold that both a judgment creditor and a creditor of an heir who has brought an action and effected a valid attachment of the interest of the heir in his share of

the assets of an estate has such an interest that he may contest a will which is so drawn as to deprive an heir of property that would have descended to him in the event of intestacy.

Traynor, J., concurred.

EDMONDS, J.—Courts have expressed many divergent conclusions in determining the "interest" which one must have to give him the right to contest a will. In my opinion, to allow either a creditor or a judgment creditor of a disinherited heir to maintain such a contest, places an obstacle in the way of the prompt settlement of estates which cannot be justified upon any sound legal principle.

A will contest is entirely the creature of statute. The sole standard established by the Legislature to determine the necessary qualifications of the person who may contest the probate of a will is stated in two phrases in the Probate Code. Section 370 permits "any person interested" to contest the will before probate. Section 380 allows "any interested person" to maintain a contest after probate if he has had no notice of a prior proceeding. No standard could be more vague and lacking in definition. What sort of interest must there be, and in what?

The Legislature might well have used the word in the sense of a property right. Or did it limit the proceeding to a person with an expectation of pecuniary benefit? Giving effect to a broader connotation of the term, should it be construed as authorizing legal action by one who believes that the testator did not follow the highest moral principles in making provision for the devolution of his property? By common definition, interest in an estate, without qualification of the term, may mean almost anything. It could include the motivation of one of asserted good purpose having no relationship to the deceased, nor the possibility of sharing in the estate, who believes that the property should be divided differently than the will specifies.

Depending upon the phase of the law in which it is used, "interest" or "interested" assumes a multitude of meanings. "The word 'interest' is used throughout the Restatement of this Subject to denote the object of any human desire." (Restatement of Torts, § 1.) "The word 'interest' is used in the Restatement of this Subject both generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them. The creation of

interests may be either the creation of a new interest or the change or abolition of an existing interest." (Restatement of Conflict of Laws, § 42b.)

"In its ordinary signification among men of all classes . . . [the word 'interest'] is broad enough to include any right, title, or estate in, or lien upon real estate. One who holds a mortgage upon a piece of land for half its value is commonly and truthfully said to be interested, to have an interest in it. . . ." (*Ormsby* v. *Ottman*, 29 C.C.A. 295 [85 F. 492, 497].) Definitions of "interest" or "interested" could be multiplied seemingly without end. (See 22 Words and Phrases p. 38 et seq.; Black's Law Dictionary [3d ed., 1933] 996; Ballentine's Law Dictionary [1930] 670.)

Even when applied to the comparatively narrow field of probate of an estate, the term has been given a variety of meanings. "It is an elementary proposition that the only persons authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate." (*In re Pepin's Estate,* 53 Mont. 240 [163 P. 104, 105].) A purchaser of an interest in the lands of the decedent was held to be a person interested in the estate. (*McCarthy* v. *Texas Co.,* (Tex.Civ.App.) 235 S.W. 679, 681.) An administrator de bonis non is a party interested in the estate. (*Balch* v. *Hooper,* 32 Minn. 158 [20 N.W. 124, 125].)

"The word 'interest', in its ordinary, accepted meaning, embraces both a vested and a contingent interest and the word 'interested' is defined as 'having an interest; having a share or concern in some project or affair; involved; liable to be affected or prejudiced; . . . not disinterested. . . .' " (*In re Brown's Estate,* 24 Cal.App.2d 573, 575 [75 P.2d 658].) "A 'person interested', within the contemplation of this statute, undoubtedly means a person who has such a direct pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the will, or be benefited by setting it aside." (*Chilcote* v. *Hoffman,* 97 Ohio St. 98 [119 N.E. 364, 366, L.R.A. 1918D 575].)

The standard adopted by Mr. Justice Shenk is that "It is his interest in the devolution of the estate which establishes the right of contest." But with the restriction that the contestant must be one having a judgment lien, this means that, *if* the contest is successful, and *if* the real estate distributable to the debtor has not been sold during administration, and *if* that real estate is finally distributed to the debtor, the cred-

itor then will have a property interest in the estate of the decedent. The qualification to maintain the proceeding can be determined only after a successful contest of the will and at the time the estate is ready for distribution. Authority to intrude upon the administration of an estate, with the consequent delays and unrecoverable expense, should not rest upon such an uncertain basis.

A lien on the real property of a judgment debtor located in a particular county may be obtained by recording an abstract of the judgment in that county. (Code Civ. Proc., § 674.) But that right does not extend to one who has obtained his judgment in another state. And no lien is obtainable upon the personal property of a debtor. To allow one to contest a will solely upon the ground that he is a judgment creditor is wholly arbitrary and rests upon a construction of "any interested person" unjustified by fundamental principles governing probate procedure. The further requirement that the judgment must be a lien upon real property which might be distributed to the heir, is a distinction which has no rational basis in either probate law or the law governing creditors' rights.

Mr. Justice Shenk says "the interest is not necessarily confined to that of an heir who would take by succession if the will be set aside." But in every California case cited by him, the contestant was one who, upon a successful contest, would take directly from the testator, either by the terms of a former will or by succession.

In *Estate of Land*, 166 Cal. 538 [137 P. 246], the contestant was a beneficiary under a former will. Even then, contest was denied because the pleadings established that he stood to gain no more under the former will than by the one he attacked.

The contestant in *Estate of Plaut*, 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837], was a beneficiary under a former will. In *Estate of Bily*, 96 Cal.App.2d 333 [215 P.2d 78, 15 A.L.R. 2d 861], a debtor of the estate was denied the right to contest.

In *San Diego Trust & Savings Bank* v. *Heustis*, 121 Cal. App. 675 [10 P.2d 158], the appellant stood in exactly the same position as Jean Harootenian. Although the decision was not based upon "the pecuniary interest of a judgment creditor of the heir," the court said:

"Appellant has no standing to contest the will because she is not a party interested as specified by the code, section 370 of the Probate Code, formerly section 1307 of the Code of

Civil Procedure. (See *State* v. *Superior Court*, 148 Cal. 55 [82 P. 672, 2 L.R.A.N.S. 643].) If she could not contest the will before probate, of course she could not afterward. Appellant was not an heir of deceased nor legatee under the will. She was a mere stranger, and was not entitled to any notice of the probate proceedings." (P. 681.)

The Heustis case cites with approval *State* v. *Superior Court*, 148 Cal. 55 [82 P. 672, 2 L.R.A.N.S. 643], which was a proceeding in mandamus to compel the superior court to permit the state to contest a will. The state claimed under a right of escheat. It was held that the possibility of escheat was too indirect an interest upon which to base a contest.

The right to contest a will is simply a cause of action to invalidate a testamentary disposition which bars the contestant from sharing in the estate of the decedent. (*Estate of Baker*, 170 Cal. 578, 585-586 [150 P. 989] ; *Estate of Clark*, 94 Cal.App. 453, 461 [271 P. 542] ; *Estate of Morrison*, 125 Cal.App. 504, 507 [14 P.2d 102] ; *Estate of Anthony*, 127 Cal. App. 186, 189 [15 P.2d 531].) I would construe "any interested person" as meaning one who, if the will of the testator were set aside, would receive directly, and not through any third person, a part of the property of the estate. If the term is to be more broadly applied, the Legislature should specifically define the qualifications of a contestant.

For these reasons, in my opinion, the judgment should be affirmed.

Spence, J., concurred.