[Civ. No. 24796. Second Dist., Div. Three. May 11, 1961.]

MARY E. ANDERSON, Individually and as Administratrix, etc., Appellant, v. MODERN WOODMEN OF AMERICA (a Corporation) et al., Defendants; LANCASTER CAMP NUMBER 7795, MODERN WOODMEN OF AMERICA (an Unincorporated Association), Respondent.

*Assigned by Chairman of Judicial Council.

Russell P. Clarke for Appellant.

Bachrack & Wilson for Respondent.

SHINN, P. J.—Mary E. Anderson, individually, and as administratrix of the estate of A. G. Anderson, deceased, brought suit against Modern Woodmen of America and Lancaster Camp 7795, Modern Woodmen of America, to quiet title to a parcel of land situated in Lancaster in Los Angeles County. In the complaint the property was described by metes and bounds but it was further identified in a joint pretrial statement and pretrial conference order by reference to a certain deed recorded in book 8116, page 269, official records in the office of the county recorder of said county. Modern Woodmen of America, having filed its disclaimer, the cause was tried and judgment entered that Lancaster Camp 7795, Modern Woodmen of America, is the owner in fee simple, entitled to possession of the aforesaid property, and that the plaintiff in either capacity has no right, title, interest, claim or estate in or to the same. Plaintiff appeals individually and as administratrix.

January 13, 1927, plaintiff and her then husband by grant deed conveyed the land to Lancaster Camp 7795, Modern Woodmen of America. Following adequate terms of grant, the deed read: "This deed is given and accepted with the condition subsequent that should the same ever be used for any other purpose than a site for a lodge room or hall for the grantee herein named or its successors, then the same shall revert to and become the sole property of the grantors herein named, their heirs or assigns, TO HAVE AND TO HOLD to said grantee with above restrictions." It was duly recorded. May 7, 1929, plaintiff and her then husband executed another deed of grant to the same grantee which contained

the following provisions: "This deed is given and accepted with the condition subsequent that should the same ever be used for any other purpose than a site for a lodge room or hall for the grantee herein named or its successors, then at the option of the trustees G. W. Black, J. W. Smith and Gus Anderson any money received revert to Lancaster Camp 7795 Modern Woodman [*sic*] of America. To HAVE AND TO HOLD to the said grantee or assigns forever."

It was admitted and the court found that at the times of the execution of the respective deeds the property was vacant; that thereafter it was improved with a building used as a lodge room and hall and for social affairs of the Camp; December 20, 1955, the buildings were destroyed by fire and ever since the property has remained vacant to the time of trial; the trustees named in the deeds were deceased at the time of the commencement of the action but other trustees now represent the camp.

It is contended on the appeal that the first deed created a true condition subsequent, the condition being that title would revert if the property should ever be used for any other purpose than a site for a lodge room or a hall, and as to the second deed it is said: "It is evident in reading the language immediately following the granting language of said deed that imputing any meaning into it would be impossible. . . . All that can be concluded is that there was some intention in the grantor to further define, or qualify the possibility of reverter interest established in Exhibit 'A.' " (The first deed.)

Although the property has never been used except as a site for a lodge room it appears to be plaintiff's contention that the condition stated in the first deed should be read into the second and should be construed to mean that title reverted upon cessation of use of the property for any purpose or will revert in the event that in the future it should be used for any purpose other than a site for a lodge room or hall.

■ Although it is clear that the condition of the first deed has not been violated by the use of the property for a forbidden purpose, the case does not turn upon the rights reserved to the grantors in that deed. They had at most a reversionary interest for breach of a condition subsequent which could be transferred. (Civ. Code, § 1046; *Thornton* v. *Middletown Educational Corp.*, 21 Cal.App.2d 707 [70 P.2d 234].)

■ The effect of the second deed was to transfer to

Camp 7795 all the reversionary interest of the grantors which remained in them under the terms of the first deed. Those rights were not preserved by the second deed; they were transferred to the grantee, with the result that the grantors parted with all rights therein. The second deed made no provision for reversion of title. At most, it imposed a duty upon the grantee not to use or permit the use of the property in a gainful way except for its own benefit. This obligation, of whatever force, does not limit or affect the absolute title of the grantee, which rests in the grantee free from any condition or limitation thereon; the court correctly so held and the judgment should be affirmed.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.